**CORNERSTONE PARTNERS**
and **Casualty Reciprocal
Exchange, Petitioners,**

v.

The **INDUSTRIAL CLAIM APPEALS
OFFICE OF the STATE OF COLORA-
DO** and **Paula M. Drake, Respondents.**

No. 91CA0359.

Colorado Court of Appeals,
Div. II.

April 9, 1992.

Halaby, McCrea & Cross, Julie D. Swanberg, Denver, for petitioners.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Blackman & Levine, Barbara S. Henk, Lawrence D. Blackman, Denver, for respondent Paula M. Drake.

Opinion by Judge HUME.

Respondents, Cornerstone Partners and Casualty Reciprocal Exchange, seek review of an order of the Director of the Division of Labor which directed them to resume payment of temporary disability benefits to claimant, Paula Drake. We affirm.

Claimant hurt her arm in an admitted industrial injury on June 23, 1987. Respondents terminated payment of temporary disability benefits in September 1988, pursuant to a final admission of liability dated August 11, 1988. The admission asserted an effective termination date of May 12, 1988, and was based on Department of Labor and Employment Rule IX(B)(I), 7 Code Colo.Reg. 1101–3, which provides for the unilateral termination of temporary disability benefits when the treating physician finds that a claimant has reached maximum medical improvement and authorizes a return to claimant's pre-injury occupation.

Claimant timely objected to the admission. However, she does not specifically dispute that the prerequisites for unilateral termination of temporary disability benefits in compliance with Rule IX(B)(I) were met here.

Pursuant to respondents' request under Department of Labor and Employment Rule V(C), 7 Code Colo.Reg. 1101–3, for a vocational rehabilitation eligibility determination, the Director issued a determination on November 17, 1988, that claimant was eligible for vocational rehabilitation. The respondents timely objected to the determination.

While the parties were proceeding in the resolution of these issues, several hearings were held before an ALJ. Issues including average weekly wage, contested periods of temporary disability, medical benefits, and some portions of vocational rehabilitation were addressed at these hearings. However, the parties requested that the ALJ defer taking any further testimony or entering any order on vocational rehabilitation. The ALJ has not yet issued orders on any of the other issues.

In December 1989, claimant requested the Director to order that temporary disability benefits be reinstated. Claimant asserted that since the Director's order that claimant was eligible for vocational rehabilitation was still in effect, claimant was entitled to ongoing temporary disability benefits pursuant to *Allee v. Contractors, Inc.,* 783 P.2d 273 (Colo.1989). The Director agreed with claimant and, in a December 28, 1989, decision, ordered respondents to reinstate temporary disability benefits retroactively to the date they were terminated.

Respondents contend that the Director erred in ordering the reinstatement of benefits pursuant to *Allee.* We disagree.

In *Allee,* the claimant had been ordered to undergo a vocational evaluation after he had reached maximum medical improvement. Our supreme court held that the claimant was entitled to ongoing temporary disability benefits until a vocational rehabilitation program began or until an administrative determination was made that the claimant was not entitled to vocational rehabilitation.

The supreme court's decision in *Allee* is based, in part, on Department of Labor and Employment Rule V(D)(5), 7 Code Colo. Reg. 1101–3. That rule provides that a carrier shall continue to provide temporary disability benefits "if applicable" until implementation of a vocational rehabilitation plan and the claimant begins his vocational rehabilitation program. The supreme court held that the term "if applicable" was intended to refer to those situations in which temporary disability benefits have already been awarded and have not been suspended for statutory cause. The court listed specific examples of statutory causes it considered applicable to its analysis, such as those formerly found at § 8–51–110(3) and § 8–52–107(3), C.R.S. (1986 Repl.Vol. 3B).

Respondents now argue that they suspended benefits pursuant to Rule (IX)(B)(I). They further argue that the administrative rule has the force and effect of law and, thus, has the force and effect of a statute. Consequently, they argue that they properly suspended benefits pursuant to "statutory cause" as set forth in *Allee* and that the Director erred in ordering reinstatement of claimant's benefits pursuant to *Allee.* We find no merit to these arguments.

While we agree with respondents that an administrative rule has the force and effect of law, it is axiomatic that an administrative rule is not the equivalent of a statute. *See Miller International, Inc. v. Department of Revenue,* 646 P.2d 341 (Colo.1982); *cf. Cohen v. Department of Revenue,* 197 Colo. 385, 593 P.2d 957 (1979). Therefore, on general legal principles, we conclude that the reasons set forth for unilateral terminations of benefits pursuant to Rule IX(B)(I) do not qualify as "statutory causes" as that term is set forth in Rule V(D)(5) and interpreted in *Allee.*

More specifically, we believe the supreme court did not intend to include causes for termination of a claimant's benefits set forth in Rule IX(B)(I) to be included within the ambit of the "statutory causes" re-

ferred to and analyzed in *Allee*. Had the court so intended, it could have used language and analysis to that effect. Consequently, we reject respondents' contentions that they suspended claimant's benefits for "statutory causes" as defined in *Allee* and that the Director therefore erred in ordering reinstatement of benefits pursuant to *Allee*.

 Respondents also contend that the Director, by issuing his order of December 28, 1989, usurped the authority of the ALJ to determine the rights and liabilities of the parties after hearing. We disagree.

While it may have been preferable for the Director to have allowed the ALJ to determine claimant's entitlement to a reinstatement of temporary benefits pursuant to *Allee*, we find no reversible error in the course of action pursued by the Director. Section 8–43–201, C.R.S. (1991 Cum.Supp.) grants the Director original jurisdiction to hear and decide all matters arising under articles 40 to 47 of the workers' compensation act. Consequently, the Director had the authority to enter the December 28, 1989, order.

Section 8–43–208, C.R.S. (1991 Cum. Supp.), relied upon by respondents, is not applicable to this issue. This statutory section deals with the Director's authority to appoint special agents and referees for particular investigations or hearings. Contrary to respondents' argument, this section does not limit the Director's authority to act pursuant to § 8–43–201.

Order affirmed.

SMITH and NEY, JJ., concur.