**RILEY FAMILY TRUST and Arthur Riley, Jr., d/b/a Cherry Ridge Village, a Colorado Partnership, and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Kimberly S. HOOD, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 93CA0857.**

Colorado Court of Appeals, Div. III.

April 21, 1994.

Michael J. Steiner, Denver, for petitioners.

Law Offices of Allen J. Kincaid, Allen J. Kincaid, Englewood, for respondent Kimberly S. Hood.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timo-

thy M. Tymkovich, Sol. Gen., Robert C. Ripple, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge CRISWELL.

In this workers' compensation case, petitioners, Riley Family Trust and Arthur Riley, Jr., d/b/a Cherry Ridge Village (employers) and the Colorado Compensation Insurance Authority (CCIA), seek review of a final order of the Industrial Claim Appeals Panel requiring them to pay for massage therapy for the claimant, Kimberly S. Hood. We affirm.

An authorized treating physician prescribed massage therapy to treat claimant for an industrial injury she sustained in March 1990. Claimant received the prescribed therapy at the hands of a certified massage therapist. There was, however, no on-site supervision of this therapist either by a physician or by another registered therapist. The CCIA asserted that, absent such supervision, it was not responsible to pay for the massage therapy because such supervision is required under the adopted fee schedule.

After a hearing, the Administrative Law Judge (ALJ) found that the massage therapy was necessary and beneficial treatment. Accordingly, the CCIA was ordered to pay for the massage therapy, and the Panel affirmed.

Petitioners contend that, because the regulatory requirements for massage therapy set forth in Department of Labor and Employment Rule XIV, 7 Code Colo.Reg. 1101–3 (1989), have not been met, the Panel erred in ordering payment for massage therapy. We disagree.

The adoption of the rule relied upon by petitioners was purportedly authorized by Colo.Sess.Laws 1987, ch. 51, § 8–49–101(3) at 388 (now codified with changes at § 8–42–101(3)(a)(I), C.R.S. (1993 Cum.Supp.)). This statute authorizes the director of the Division of Labor (now, the director of the Division of Workers' Compensation) to "establish a schedule fixing the fees for which all medical, surgical, hospital, dental, nursing and vocational rehabilitation treatment rendered to employees" under the Workers' Compensation Act (Act) is to be compensated. It further provides that no physician or other care provider shall charge more than the fee fixed by such schedule when treating a patient for injuries covered by the Act.

The treatment contemplated by the Act includes all treatment reasonably necessary to cure and relieve the claimant from the effects of the industrial injury. Colo.Sess. Laws 1987, ch. 51, § 8–49–101(1)(a) at 387–88 (now codified with changes at § 8–42–101(1)(a), C.R.S. (1993 Cum.Supp.)); *Greager v. Industrial Commission,* 701 P.2d 168 (Colo.App.1985). Even nonmedical treatment, if not illegal, may be provided if the claimant obtains the permission of the division. Section 8–43–404(5)(a), C.R.S. (1993 Cum.Supp.).

One of the purposes of the department's Rule XIV is to contain costs, and for this purpose, that rule adopts a fee schedule that establishes a "relative value" for each "unit" of services rendered, depending upon the nature of those services. Under these provisions, certain procedures, including "massage," are classified as "level one" procedures so that the first 30 minutes of individual treatment are considered to be the equivalent of, and therefore call for compensation equal to, five "units" of value.

However, this rule also provides that all the level one procedures listed:

> must be administered by or under the *on-site* supervision of a physician, registered physical therapist, registered occupational therapist or speech pathologist. (original emphasis)

Based on this provision of the rule, the CCIA refused to reimburse claimant for the expenses incurred for the massage services because, although they were authorized to be performed by claimant's treating physician, they were not supervised, on-site, by him.

However, an administrative regulation is not, itself, the equivalent of a statute. *Cornerstone Partners v. Industrial Claim Appeals Office,* 830 P.2d 1148 (Colo.App. 1992). And, any such rule or regulation that is contrary to or inconsistent with the authorizing statute is void. *Cartwright v. State*

*Board of Accountancy,* 796 P.2d 51 (Colo. App.1990).

 Here, the Act makes clear that one of its overriding purposes is to provide reasonable and necessary medical treatment to employees who are injured on the job. And, while § 8–49–101(3), as it existed at relevant times here, authorized the director to establish a fee schedule as a cost containment measure, nothing in this statute granted to the director the authority to restrict the *nature* of the treatment to be given, so long as such treatment is reasonable and necessary within the meaning of the Act.

We conclude, therefore, that, to the extent that Rule XIV purported to place a restriction upon the manner in which medical or related treatment was to be provided, rather than upon the fees to be charged for such treatment, such restriction was not authorized. Hence, inasmuch as the massage therapy here was prescribed by an authorized treating physician and was found to be reasonable and necessary, the CCIA could not refuse to pay for it. The Panel committed no error in affirming the ALJ's order.

The order of the Panel is affirmed.

DAVIDSON and TAUBMAN, JJ., concur.