SUETRACK USA and Colorado Compensation Insurance Authority, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Jesse Vargas, Respondents.

No. 94CA0094.

Colorado Court of Appeals, Div. IV.

Feb. 9, 1995.

Rehearing Denied March 30, 1995.

Certiorari Denied Sept. 5, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie Rottersman, Asst. Atty. Gen., Denver, for respondent Indust. Claim Appeals Office.

Dallas, Holland & O'Toole, P.C., Neil D. O'Toole, Denver, for respondent Jesse Vargas.

Douglas A. Thomas, Denver, for petitioners.

Opinion by Judge PLANK.

Petitioners, Suetrack USA (employer) and its insurer the Colorado Compensation Insur-

ance Authority, (collectively CCIA) seek review of a final order of the Industrial Claim Appeals Panel which awarded compensation for home health care provided claimant, Jesse Vargas. We affirm the order.

Claimant suffered an admitted industrial accident in April of 1991. As a result, he underwent back surgery in August of 1992 followed by a period of post-operative recuperation. Claimant's wife provided home health care services between August and December 1992 for which claimant sought compensation. These services included assisting claimant into and out of bed, aiding him to walk and exercise, and maintaining his hygiene and cleanliness.

The Administrative Law Judge (ALJ) found that the treating physician orally prescribed home health care and had indicated the hospital would arrange for such care. However, based upon claimant's testimony, the ALJ found that the hospital advised claimant such services were not available in the rural area where claimant lived. The ALJ accordingly concluded the home health care services provided by claimant's wife were reasonably necessary to relieve claimant from the effects of his injury and were thus compensable, and valued these services at $250 per week. The Panel affirmed the award.

CCIA now argues the Panel erred in awarding compensation because claimant's spouse is not a licensed health care provider under Department of Labor and Employment Rule XIV(c)(3), 7 Code Colo.Reg. 1101–3 (Rule XIV). We find no error.

The parties agree that attendant care services are available in a proper case under the Workers' Compensation Act. *Atencio v. Quality Care, Inc.*, 791 P.2d 7 (Colo.App. 1990). The treatment contemplated by the Act includes all treatment reasonably necessary to relieve claimant from the effects of an industrial injury, and may include legally recognized nonmedical treatment. Sections 8–42–101(1)(a) and 8–43–404(5)(a), C.R.S. (1994 Cum.Supp.); *Riley Family Trust v. Hood*, 874 P.2d 503 (Colo.App.1994).

A principal purpose of Rule XIV is to promulgate a fee schedule in order to estab-

lish a relative value for services rendered under the Act pursuant to the authority granted the director of the Division of Workers' Compensation by § 8–42–101(3)(a)(I), C.R.S. (1994 Cum.Supp.) and its predecessor sections. *Riley Family Trust v. Hood, supra.* As an integral part of the fee schedule, Rule XIV provides "all recognized non-physician providers shall be licensed...." and sets out ten types of recognized providers, none of which specifically describes the services provided by claimant's spouse under the circumstances here.

■ It is agreed that claimant's spouse is not a "licensed non-physician provider." However, an administrative regulation is not the equivalent of a statute. *Cornerstone Partners v. Industrial Claim Appeals Office*, 830 P.2d 1148 (Colo.App.1992). Any regulation that is contrary to or inconsistent with the regulatory authorizing statute is void. *Cartwright v. State Board of Accountancy*, 796 P.2d 51 (Colo.App.1990).

The Workers' Compensation Act, in § 8–42–101(1)(a), makes clear that one of its overriding purposes is to provide reasonable and necessary medical treatment to employees injured on the job. Section 8–42–101(3)(a)(I), and the regulations promulgated thereunder, do not grant authority to prohibit provision of treatment or services included and contemplated by § 8–42–101(1)(a), particularly when, as here, such services are otherwise unavailable in claimant's locale.

■ The determination whether services are reasonably needed for the treatment of a claimant's injuries or incidental thereto is a question of fact. And, services provided by the claimant's spouse that are necessary and reasonably required by the claimant under the circumstances are compensable, unless such services are ordinary household tasks. *Edward Kraemer & Sons, Inc. v. Downey*, 852 P.2d 1286 (Colo.App. 1992). The ALJ's findings upon these questions, if properly supported by substantial evidence, will be upheld on review.

■ In this regard, and contrary to CCIA's contention, there is sufficient evidence in the record to support the conclusion

that claimant received a medical referral for home health care services.

Claimant testified that the attending physician told him that the doctor "would make the prescription [for home health care services] and get it all set up with the hospital." Claimant then testified that "a lady at the hospital ... told me that ... there was not home care ... available...." Corroborative statements were elicited during CCIA's cross-examination of claimant's spouse. Additional corroborative documentary evidence prepared by the attending physician was received. At no time did CCIA object to the reception of this evidence.

■ An employer remains liable for the expenses incurred when, as part of the normal progression of authorized treatment for a compensable injury suffered by a claimant, the authorized physician refers claimant to and for other services. *Greager v. Industrial Commission,* 701 P.2d 168 (Colo.App. 1985). The existence of such a referral is ultimately a question of fact. *See Greager v. Industrial Commission, supra.*

■ It is within the province of the ALJ to draw any plausible inference from the evidence received. *See F.R. Orr Construction Co. v. Rinta,* 717 P.2d 965 (Colo.App.1985).

From our review of the record here, we are satisfied sufficient reliable and probative evidence exists to support the ALJ's conclusion that a medical referral for home care services was properly made. *See Industrial Claims Appeals Office v. Flower Stop Marketing Corp.,* 782 P.2d 13 (Colo.1989). We accordingly will not disturb that conclusion on review. *Greager v. Industrial Commission, supra.*

The order is affirmed.

NEY and RULAND, JJ., concur.