Linda GIDDINGS, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE OF the STATE OF COLORADO,
Northern Telecom, and Liberty Mutual
Insurance Company, Respondents.

No. 01CA0077.

Colorado Court of Appeals,
Div. I.

Sept. 13, 2001.

Rehearing Denied Oct. 18, 2001.

Certiorari Denied Feb. 11, 2002.

Jack Kintzele, Denver, CO, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Law Offices of Jonathan S. Robbins, David G. Kroll, Denver, CO, for Respondents Northern Telecom and Liberty Mutual Insurance Company.

Opinion by Justice ERICKSON.*

In this workers' compensation case, Linda Giddings (claimant) appeals the final order of the Industrial Claim Appeals Office (Panel) imposing penalties under § 8–43–401(2)(a), C.R.S.2001, and denying penalties under § 8–43–304(1), C.R.S.2001, for the failure of the employer, Northern Telecom, and its insurer, Liberty Mutual Insurance Company

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

(collectively insurer), to pay medical benefits. We set aside the order and remand for reconsideration of the penalty issue under either statute.

Claimant sustained work-related injuries in 1996. In a 1999 final order that was not appealed, the Administrative Law Judge (ALJ) ordered insurer to pay for surgery and psychiatric treatment recommended by the treating physicians.

In a 2000 order, the ALJ found that insurer willfully and wantonly failed to comply with the 1999 order for the payment of medical and psychiatric expenses. The ALJ also found that as a result of insurer's failure to pay the psychiatrist's bill, the psychiatrist refused to provide claimant further care. The ALJ inferred that if the bill had been paid, "claimant probably would have had additional psychiatric consultation or treatment." As to the prescribed in-home care that claimant requested, the ALJ found that insurer had denied the request.

The ALJ determined that the applicable penalty provision was the more specific provision in § 8–43–401(2)(a), rather than the general provision in § 8–43–304(1). Therefore, the insurer was ordered to pay a penalty of eight percent of the unpaid medical expenses, as provided in the specific penalty provision. The Panel affirmed.

### I.

■ Claimant contends that the specific penalty provision in § 8–43–401(2)(a) does not exclude imposition of penalties under the general penalty provision in § 8–43–304(1). We agree.

### A.

The general penalty provision in § 8–43–304(1) provides:

Any employer or insurer, or any officer or agent of either, or any employee, or any other person who violates any provision of articles 40 to 47 of this title, or does any act prohibited thereby, or fails or refuses

§ 24–51–1105, C.R.S.2001.

to perform any duty lawfully enjoined within the time prescribed by the director or panel, *for which no penalty has been specifically provided,* or fails, neglects, or refuses to obey any lawful order made by the director or panel or any judgment or decree made by any court as provided by said articles shall be subject to such order being reduced to judgment by a court of competent jurisdiction and shall also be punished by a fine of not more than five hundred dollars per day for each such offense, seventy-five percent payable to the aggrieved party and twenty-five percent to the subsequent injury fund created in section 8–46–101. (emphasis added)

The more specific penalty provision in § 8–43–401(2)(a) provides, as relevant here:

After all appeals have been exhausted or in cases where there have been no appeals, all insurers and self-insured employers shall pay benefits within thirty days of when any benefits are due. If any insurer or self-insured employer *willfully delays payment of medical benefits for more than thirty days or willfully stops payments* such insurer or self-insured employer shall pay a penalty to the division of eight percent of the amount of wrongfully withheld benefits. (emphasis added)

Here, both the ALJ and the Panel relied on *Holliday v. Industrial Claim Appeals Office,* 997 P.2d 1212 (Colo.App.1999) (*Holliday I*), in imposing penalties under § 8–43–401(2)(a), which specifically mentions medical benefits. In *Holliday I,* a division of this court held that only the specific penalty provision governed the claim for penalties for failure to provide recommended treatment. Thus, the ALJ and the Panel here concluded that because insurer failed to pay the medical bills, the specific penalty provision applied, even though there was also a concomitant failure to obey an order to pay those bills, which could arguably be subject to penalties under § 8–43–304(1).

■ Subsequent to these orders, the supreme court expressly disapproved and vacated *Holliday I. Holliday v. Bestop, Inc.,* 23 P.3d 700 (Colo.2001) (*Holliday II*). The supreme court held that in § 8–43–304(1), the phrase "for which no penalty has been

specifically provided" modifies only the provision concerning persons who fail or refuse to perform any *duty,* and does not apply to the subsequent provision concerning persons who fail, neglect, or refuse to obey an *order.* Thus, when a penalty is premised on an order, the penalties available under § 8–43–304(1) may be imposed. And, when that order is one for the payment of medical benefits, the ALJ may, in his or her discretion, order penalties based on either statute. *Holliday II, supra.*

### B.

Insurer notes that the *Holliday II* court dismissed the appeal because, *inter alia,* the claimant had not preserved the issue of whether an ALJ's order is a "lawful order made by the director or panel" under § 8–43–304(1). Insurer argues that the general penalty provision in § 8–43–304(1) does not provide for the imposition of a penalty for violation of an order of an ALJ. Thus, insurer reasons that just as in *Holliday II,* this appeal must be dismissed because claimant requests penalties for violation of the ALJ's 1999 order, rather than an order of the director or the Panel.

However, the claimant in *Holliday II* had not alleged, in the proceedings below, a violation of an ALJ's order. Instead, she originally alleged a violation of an order by a prehearing ALJ, and the supreme court found that she first raised the issue of violation of an ALJ's order on appeal. Thus, the appeal was dismissed, and the court did not address the issue of whether an order of an ALJ constitutes an order of the director or Panel for purposes of § 8–43–304(1).

■ Here, in contrast, claimant's request for penalties was, from the beginning, based on the violation of the ALJ's 1999 order. The ALJ considered the request under both the general and specific penalty provisions. Thus, in this respect, this case is distinguishable from the procedural facts in *Holliday II.*

By requesting penalties under § 8–43–304(1), claimant implicitly raised the issue of whether violation of an order of the ALJ could be sanctioned under that statute. We

must therefore determine whether an order of an ALJ is an order of the director or Panel for purposes of § 8–43–304(1). We conclude that it is.

Both the director and ALJs have original jurisdiction to hear and decide all matters arising under the Workers' Compensation Act (Act). Section 8–43–201, C.R.S.2001; *see Cornerstone Partners v. Industrial Claim Appeals Office*, 830 P.2d 1148 (Colo.App. 1992). The director and ALJs share the same powers in connection with hearings concerning any controversy over any issue under the Act, and both may issue orders. Section 8–43–207(1)(k), C.R.S.2001. Furthermore, the definition of an "order" under the Act includes any decision or determination arrived at by the director or an ALJ. Section 8–40–201(15), C.R.S.2001.

We recognize that in some instances, the powers granted to ALJs and the director diverge. *See, e.g.,* §§ 8–42–121 (director apportions death benefits), 8–43–208 (director has authority to appoint special agents and referees for particular investigations or hearings), 8–43–501 (medical utilization review [MUR] procedure requires director to issue order, which ALJ then reviews), C.R.S.2001; *Regional Transp. Dist. v. Jackson*, 805 P.2d 1190, 1193 (Colo.App.1991)(MUR process is separate and distinct from compensation claim process). However, these special statutory provisions do not limit the authority to act granted by § 8–43–201. *See Cornerstone Partners v. Industrial Claim Appeals Office*, 830 P.2d at 1149.

Furthermore, the Act is replete with references to actions that may be taken by either the director or an ALJ. *See, e.g.,* §§ 8–43–103(2) (director and ALJs "shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or benefits are provided"), 8–43–204(3) (both director and ALJs may approve settlements), 8–43–215(1) (following hearing, ALJ or director shall issue written order allowing or denying claim), 8–43–303(1) (ALJ or director may reopen claim), C.R.S.2001. Thus, given the broad overlap of powers, and especially the ability of both the director and the ALJs to award compensation or benefits, *see* § 8–43–103(2),

we conclude that the order of an ALJ is the equivalent of an order of the director for purposes of § 8–43–304(1). *See Colorado Compensation Ins. Auth. v. Industrial Claim Appeals Office*, 907 P.2d 676 (Colo.App.1995)(under predecessor to § 8–43–304(1), which contained the phrase "order made by the director or panel," imposition of penalty was affirmed for violation of ALJ's order).

This interpretation of the penalty provision in § 8–43–304(1) furthers the legislative intent of the Act, which is to assure the quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers, without the necessity of any litigation. Section 8–40–102(1), C.R.S. 2001. The Act is intended to compensate injured workers, while controlling costs and minimizing claim delays. *Dep't of Labor & Employment v. Esser*, 30 P.3d 189 (Colo. 2001). Allowing the imposition of penalties for the disobedience of an ALJ's order furthers this underlying policy by allowing full compensation and would likely compel insurers to comply with lawful orders. *See Arenas v. Industrial Claim Appeals Office*, 8 P.3d 558, 562 (Colo.App.2000)(purpose of penalty is to deter misconduct).

## C.

In light of the supreme court's pronouncement in *Holliday II* allowing an ALJ to award penalties under § 8–43–304(1) for the failure to obey an order to pay for medical treatment, we remand this case to the Panel with instructions to remand to the ALJ to reconsider the imposition of penalties for failure to obey the order.

## II.

The remaining issue concerns the failure to provide medical care, which resulted here from the psychiatrist's decision to cease treatment when insurer failed to pay his bills. Claimant contends that the failure to provide care should not be penalized the same way as the mere failure to pay medical bills. We agree that this circumstance may be considered on remand in fashioning the penalty.

Here, the ALJ found that insurer's willful failure to obey the 1999 order "resulted specifically in the failure to pay [for], and discontinuation of, psychiatric treatment." Recognizing the status of the law at the time, the ALJ noted that he was compelled to follow *Holliday I.*

*Holliday I* was based in part on *Sears v. Penrose Hospital,* 942 P.2d 1345 (Colo.App. 1997), where there was an order to pay continuing medical benefits, and the insurer failed timely to pay a medical bill. In *Sears,* 942 P.2d at 1347, a division of this court held that "where the gravamen of the disputed conduct is a violation of the Act or a violation of a rule enacted by the director, the penalty set forth in § 8–43–304(1) applies only when the Act does not create a specific penalty for the violation." There, the division was not "persuaded by claimant's argument that it was employer's failure to investigate which formed the basis for her request for penalties and that, therefore, the failure to perform that duty was an independent basis for the imposition of penalties under § 8–43–304(1)." Instead, the division reasoned that "an underlying act or omission, such as a failure to investigate, is necessarily encompassed in the broader question whether the employer willfully delayed or stopped payment." *Sears v. Penrose Hospital, supra,* 942 P.2d at 1347.

However, in *Holliday II, Sears* was overruled to the extent that it held that penalties under § 8–43–304(1) for failing, neglecting, or refusing to obey an order may not be imposed where the specific penalty in § 8–43–401(2)(a) is available. Thus, it appears that the supreme court has overruled the *Sears* "gravamen" test, under which the specific penalty applied even when there was an order to pay medical benefits, if the "gravamen" of the dispute stemmed from the failure to pay benefits.

Here, in grouping the failure to pay with the failure to provide, it appears that the ALJ applied the *Sears* and *Holliday I* "gravamen" test. Because the ALJ is no longer bound by that test, he may, on remand, impose penalties not only for the failure to pay medical bills, but also for the resulting discontinuation of claimant's psychiatric treatment.

The order of the Panel is set aside, and the case is remanded to the Panel for remand to the ALJ with directions to reconsider the penalties to be imposed under either penalty statutes in accordance with the views expressed in this opinion.

Judge DAVIDSON and Judge STERNBERG concur.