**Susan J. PROVO, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Atmel Corporation, and Industrial Indemnity Company, Respondents,**

**and Concerning Dworkin, Chambers & Williams, P.C., jointly; and Gregory K. Chambers, individually, Respondents.**

**No. 01CA1239.**

Colorado Court of Appeals,
Div. II.

Sept. 12, 2002.

Rehearing Denied Nov. 7, 2002.

Certiorari Denied March 24, 2003. *

---

* Justice RICE does not participate.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Colorado, for Petitioner.

Ken Salazar, Attorney General, Eric S. Rothaus, Assistant Attorney General, Den-

ver, Colorado, for Respondent Industrial Claim Appeals Office.

No Appearance for Respondents Atmel Corporation and Industrial Indemnity Company.

Larry N. Harris, Littleton, Colorado, for Respondents Dworkin, Chambers & Williams, P.C. and Gregory K. Chambers.

Opinion by Chief Judge HUME.

In this workers' compensation case, Susan J. Provo (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) dismissing her claim for penalties against Dworkin, Chambers & Williams, P.C. and Gregory K. Chambers (collectively attorneys), the law firm and individual attorney previously representing Atmel Corporation and its insurer, Industrial Indemnity Company (collectively employer). We affirm the order in part, set it aside in part, and remand the case with instructions for further proceedings.

In 1998, the first Administrative Law Judge (ALJ) granted a change of medical provider and ordered employer to pay "all reasonable and necessary medical expenses for treatment" by a particular chiropractor. The ALJ specifically found that "occasional chiropractic treatment for temporary relief is especially reasonable and appropriate for *Grover* [*v. Indus. Comm'n,* 759 P.2d 705 (Colo.1988) ] medical benefits for a claimant with such severe injuries and permanent consequences." This order was not appealed.

Claimant received treatment from the chiropractor and submitted bills to employer. The attorneys advised employer that the first ALJ had not determined the reasonableness of chiropractic treatment and had not required employer to pay any specific medical benefits. Based on this advice, employer refused to pay for the chiropractic treatment.

In 1999, a second ALJ found that the 1998 order indeed required payment for this treatment and that employer's refusal to pay was wrongful, deliberate, intentional, willful, unreasonable, and legally unsupportable. Penalties were assessed against employer under the penalty statute specific to medical benefits, § 8–43–401(2)(a), C.R.S.2001, in the amount of eight percent of the wrongfully withheld medical benefits.

Claimant then applied for a hearing on the issue of penalties against the attorneys, requested at the rate of $500 per day, under the general penalty statute, § 8–43–304(1), C.R.S.2001, for the attorneys' failure to obey the 1998 order, refusal to perform their duties, and interference with claimant's medical care. The attorneys moved to dismiss the penalty claim, asserting that the general provisions in § 8–43–304(1) did not apply here because only the specific provisions in § 8–43–401(2)(a) governing medical benefits apply to denials or late payments of medical bills. Furthermore, the attorneys asserted that they could not be held liable under the specific penalty statute because that statute imposes liability only on insurers and self-insured employers. Alternatively, the attorneys argued that even if the general penalty statute were applicable, penalties could not be assessed against them because the 1998 order was directed to employer, not the attorneys.

It appears, and the parties do not dispute, that the second ALJ denied the attorneys' motion to dismiss the penalty claim. However, a signed and dated order to that effect is not in the record before us.

Before a third ALJ, the attorneys filed a second motion to dismiss based on issue preclusion, asserting that claimant was barred from relitigating the issue of whether the general penalty statute, § 8–43–304(1), applied to this claim. The third ALJ granted that motion, not on issue preclusion grounds, but on the alternative ground raised in the attorneys' first motion to dismiss. Thus, the third ALJ found that the 1998 order to pay benefits was directed to employer, not the attorneys, and because the attorneys were not parties to that order, they could not be held liable for the refusal to pay claimant's medical benefits. The ALJ also found that, other than the alleged violation of the 1998 order, claimant had listed no other basis for the penalties. Claimant then sought review before the Panel, which affirmed.

## I.

Claimant raises two procedural objections to the third ALJ's order, both of which we reject. We also reject claimant's argument that the ALJ erred in dismissing her claims for statutory violations.

## A.

■ Claimant contends that the third ALJ exceeded his authority in reversing the order of the second ALJ. We disagree.

■ There is no prohibition against one judge rescinding an interlocutory order previously issued by another judge. *Broyles v. Ft. Lyon Canal Co.*, 695 P.2d 1136 (Colo.1985)(every order made in an ongoing proceeding may be rescinded or modified during that proceeding upon proper grounds, and fact that another judge is sitting does not impair the authority of the court to act in this manner); *Denver Elec. & Neon Serv. Corp. v. Gerald H. Phipps, Inc.*, 143 Colo. 530, 354 P.2d 618 (1960)(previously denied motion to dismiss can be renewed before another judge).

■ The denial of a motion to dismiss a claim for penalties is interlocutory and therefore may not be reviewed. *See* § 8–43–301(2), C.R.S.2001 (petition for review may be filed only if penalty claim is granted or denied); *Feigin v. Digital Interactive Assocs., Inc.*, 987 P.2d 876 (Colo.App.1999) (denial of a motion to dismiss is normally not reviewable because it is not a final order); *M & M Mgmt. Co. v. Indus. Claim Appeals Office*, 979 P.2d 574, 576 (Colo.App. 1998)(where ALJ denied penalty "at this point," order was interlocutory because it left open the possibility of further litigation of the issue).

■ Frequently, a judge uses the law of the case doctrine to rely on a previous ruling by another judge. Application of this doctrine, however, is discretionary, and a second judge may modify a prior ruling as necessary if new facts, changes in the applicable law, or other persuasive circumstances warrant such modification. *In re Marriage of Burford*, 26 P.3d 550 (Colo.App.2001); *see People ex rel. Garner v. Garner*, 33 P.3d 1239 (Colo.App.

2001)(one division of appellate court denied motion to dismiss; then another division granted a similar motion that raised an additional argument, even though the first ruling might have been considered law of the case); *Moore v. 1600 Downing St., Ltd.*, 668 P.2d 16 (Colo.App.1983)(reconsideration of a motion for summary judgment, even if based on the same issues argued in earlier motions to dismiss, is not barred by law of the case doctrine).

Here, because the second ALJ's denial of the attorneys' first motion to dismiss was interlocutory, the third ALJ could subsequently grant a dismissal.

## B.

■ In a related contention, claimant asserts that the third ALJ erred in ruling on the motion sua sponte, thereby denying her due process, because she had no notice that the order of the second ALJ would be reconsidered. She also argues that she was denied due process because she was not afforded a hearing. Again, we disagree.

Although the two motions to dismiss were ostensibly different, the common issue was whether the specific, § 8–43–401(2)(a), or the general, § 8–43–304(1), penalty statute could apply to the attorneys. Because the third ALJ was required to assess the totality of the circumstances to resolve that issue, we perceive no impropriety in his revisiting all of the arguments that had been presented up to that time.

■ Furthermore, an ALJ may properly reconsider a ruling sua sponte, if the parties were afforded due process in the first ruling. *Cf. Antelope Co. v. Mobil Rocky Mountain, Inc.*, 51 P.3d 995 (Colo.App. 2001)(where court converted motion in limine to motion for summary judgment, and granted summary judgment without notice to the parties and a reasonable opportunity for them to argue the disputed issues of fact and to submit affidavits and other evidence, resulting prejudice required reversal). While dismissals on the parties' motions are preferred, an ALJ may dismiss a claim sua sponte, provided that the claimant had an opportunity to be heard. *See Rubins v.*

*Plummer,* 813 P.2d 778 (Colo.App.1990). The opportunity to be heard may be satisfied by the filing of written objections and is not limited to a personal appearance in the presence of an ALJ. *See In re Marriage of LeBlanc,* 800 P.2d 1384 (Colo.App.1990).

Here, claimant was afforded an opportunity to be heard in connection with both motions when she filed responses. She was not entitled to appear in person before the ALJ. Accordingly, there was no due process violation.

### C.

■ Claimant next contends that the third ALJ erred in determining that she sought penalties against the attorneys only for violation of the 1998 order. She argues that the attorneys' conduct supports the imposition of penalties for various statutory violations, which are also governed by § 8–43–304(1). She specifically asserts that the attorneys may have violated §§ 8–40–102(1), 8–43–402, and 8–43–503(3), C.R.S.2001, and that the ALJ erred in summarily dismissing these claims. We agree that claimant sufficiently raised these claims in the administrative proceedings, but the claims were properly dismissed nonetheless.

Claimant's application for hearing stated:

Claimant is seeking penalties at the rate of $500.00 per day under § 8–43–304(1) against [the attorneys] for their/his *refusal to obey a lawfully issued Order,* their/his *refusal to perform duties lawfully enjoined* and their/his *interference with the Claimant's medical care.* The basis for this penalty claim arose following the issuance of an Order by the [first ALJ] on November 17, 1998. (emphasis added)

In her response to the first motion to dismiss, claimant affirmatively stated that she was seeking penalties under § 8–43–304(1), which provides for penalties against

[A]ny employer or insurer or any officer or agent of either, or any employee, or any other person who *violates any provision* of articles 40 to 47 of this title, *or does any act prohibited* thereby, or *fails or refuses to perform any duty lawfully enjoined* within the time prescribed by the director or panel, for which no penalty has been specifically provided, *or fails, neglects, or refuses to obey any lawful order.* (emphasis added)

She explained that she was seeking penalties under this statute for the interference with medical care, which is specifically prohibited by § 8–43–503(3). She also asserted that additional facts which might be adduced at hearing could show that the attorneys' actions violated § 8–43–402, which prohibits false statements or representations. Furthermore, she asserted that the attorneys' actions were in direct violation of the legislative declaration at § 8–40–102(1), which provides that the General Assembly intended the Workers' Compensation Act to "assure the quick and efficient delivery of disability and medical benefits."

On this record, we reject the attorneys' assertion and the third ALJ's conclusion that claimant failed to raise these statutory provisions below.

### D.

Because claimant raised statutory claims that were not addressed below and upon which we presume an attorney could, given a sufficient factual basis, be found liable, our ordinary course would be to remand those claims for determination by the ALJ or the Panel. Here, however, it is clear that summary dismissal was appropriate.

■ Summary judgments "are rulings of law in the sense that they may not rest on the resolution of disputed facts." *Cooper v. Aspen Skiing Co.,* 48 P.3d 1229, 1232 (Colo.2002)(quoting *Pierson v. Black Canyon Aggregates, Inc.,* 48 P.3d 1215 (Colo.2002)).

Clearly, there are no disputed facts here that may influence this determination. Accordingly, we reject claimant's argument that she is entitled to recover for alleged violations of §§ 8–40–102(1), 8–43–402, and 8–43–503(3).

■ Specifically, § 8–40–102(1), the legislative declaration of the Act, provides guidance, in that the Act should "be *interpreted* so as to assure the quick and efficient delivery of disability and medical benefits ...

recognizing that the workers' compensation system in Colorado is based on a mutual renunciation of common law rights" (emphasis added). Notably absent from this language is any reference to a specific duty that the attorneys might possibly have violated. As there is no statutory duty under this section that the attorneys could possibly have violated, claimant's claim with respect to § 8–40–102(1) should be dismissed. Furthermore, claimant's reliance on *Giddings v. Industrial Claim Appeals Office*, 39 P.3d 1211, 1214 (Colo.App.2001), for this point is unfounded.

Notably present in § 8–40–102(1) is language that workers' compensation is in derogation of the common law. Statutes in derogation of the common law are not to be expanded beyond their specific terms. *See Ryals v. St. Mary–Corwin Reg. Med. Ctr.*, 10 P.3d 654, 661 (Colo.2000). This principle guides our disposition of claimant's remaining claims.

Further, § 8–43–402 is, by its plain language, inapplicable to this case. "When the plain language of a statute is clear and unambiguous, we will not resort to interpretive rules of statutory construction and we will apply the statute as written." *Holliday v. Bestop, Inc.*, 23 P.3d 700, 705 (Colo.2001)(quoting *Vaughan v. McMinn*, 945 P.2d 404, 408 (Colo.1997)).

Section 8–43–402 provides for sanctions against anyone who takes certain action "for the purpose of *obtaining* any order, benefit, award, compensation, or payment under the provisions of" the Act (emphasis added). In this case, the attorneys' actions or omissions were not for the purpose of obtaining anything under the relevant articles of the Act, nor does claimant so assert. The attorneys only acted after the 1998 order was issued. Accordingly, claimant may not recover under § 8–43–402.

Finally, § 8–43–503(3) provides that no one shall "*dictate to any physician* the type or duration of treatment" (emphasis added). Here, the evidence shows that the attorneys advised their clients not to pay benefits for the ordered chiropractic treatment, but there is no indication that they

dictated any action or inaction by any physician. Accordingly, claimant may not recover under § 8–43–503(3).

Consequently, we affirm the Panel's dismissal of claimant's statutory claims under §§ 8–40–102(1), 8–43–402, and 8–43–503(3).

## II.

Next, we must determine whether penalties under § 8–43–304(1) may be assessed against an attorney representing an employer or insurer. We conclude that the violations must be predicated on statutory language which includes an attorney as a person against whom penalties may be sought and also must be based upon the attorney's fraud or malice.

## A.

Section 8–43–304(1) appears to be potentially applicable to attorneys. That section provides that penalties may be assessed against "any officer or agent" of the employer or insurer "or any other person" for violating "any provision of articles 40 to 47 of this title," doing "any act prohibited thereby," failing or refusing to perform "any duty lawfully enjoined," or failing, neglecting, or refusing to "obey any lawful order made by the director or panel."

An attorney representing an employer or insurer or both clearly is an "agent" of the employer or insurer and is "any other person." *Compare* § 8–43–304(1) (allowing penalties against "any other person"), *with* § 8–43–401(2)(a) (limiting penalties to only the "insurer or self-insured employer").

## B.

However, it is a basic rule that attorneys generally cannot be held liable to third parties for advice given to their clients. *See Montano v. Land Title Guar. Co.*, 778 P.2d 328 (Colo.App.1989)(reasons for limiting the liability of attorneys to nonclients include: (1) the attorney's duty of loyalty and effective advocacy for the client; (2) the nature of the adversarial relationship between an attorney and other parties; and (3) the poten-

tial for liability to an unlimited number of third parties).

This rule has two relevant exceptions. The first exception is generally applicable and is invoked where there is a finding of fraud or malice. *See Weigel v. Hardesty*, 37 Colo.App. 541, 543, 549 P.2d 1335, 1337 (1976); *see also Mehaffy, Rider, Windholz & Wilson v. Central Bank Denver*, 892 P.2d 230 (Colo.1995)(expanding upon the fraud or malice standard to include negligent misrepresentation under particularized facts of case). The second exception, specific to the context of § 8–43–304(1), is invoked where an attorney has willfully violated an order that specifically directs the attorney to act.

 Here, the attorneys have not violated any orders directed at them personally, making the second exception inapplicable. Therefore, we hold the attorneys may be held liable for penalties under § 8–43–304(1) only upon a finding that their conduct was fraudulent or malicious. We need not address negligent misrepresentation pursuant to *Mehaffy, supra*, because no such theory was presented here.

Accordingly, upon remand to the Panel for a determination whether penalties should be imposed under § 8–43–304(1) for violation of the 1998 order, claimant must be given the opportunity to prove that the attorneys' conduct was fraudulent or malicious.

## C.

We reject attorneys' continued assertion that the applicable penalty provision is the specific penalty statute, § 8–43–401(2)(a), and that the prior "gravamen" test applies. The gravamen test looked to the underlying basis of the complaint to determine if a specific penalty existed for that basis. *See Giddings v. Indus. Claim Appeals Office, supra*, 39 P.3d at 1215 (citing *Sears v. Penrose Hosp.*, 942 P.2d 1345, 1347 (Colo.App.1997)). Although that was the law when the second ALJ imposed penalties against employer, it is no longer the law. *See Holliday v. Bestop, Inc., supra; see also*

*Giddings v. Indus. Claim Appeals Office, supra*, 39 P.3d at 1215 ("[t]hus, it appears that the supreme court [in *Holliday*] has overruled the *Sears* 'gravamen' test"). The issue on remand involves the attorneys' direct liability to claimant for their role in the violation of the 1998 order.

We also reject the attorneys' argument that under the doctrine of issue preclusion, claimant is barred from relitigating whether § 8–43–304(1) applies here. The previous proceedings have not examined the attorneys' culpability in the denial of benefits based on the rule announced above. Consequently, claimant did not have any reason to address this issue in the prior proceedings and is not now precluded from addressing the issue. *See Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo.2001).

Accordingly, we remand the portion of the case regarding the applicability of penalties under § 8–43–304(1) against the attorneys for their role in violating the 1998 order. The Panel is directed to decide this issue pursuant to the rule announced in part II(B) of this opinion.

We deny the attorneys' request for an award of attorney fees based on the frivolous and groundless nature of the appeal. *See One Hour Cleaners v. Indus. Claim Appeals Office*, 914 P.2d 501 (Colo.App.1995).

The order of the Panel with respect to penalties under § 8–43–304(1) is set aside, and the case is remanded for further proceedings before the Panel in accordance with the views expressed in this opinion. The Panel's order dismissing claimant's claim for penalties against the attorneys alleged under §§ 8–40–102(1), 8–43–402, and 8–43–503(3) is affirmed.

Judge TAUBMAN and Judge STERNBERG ** concur.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.