STATE OF HAWAII, Plaintiff-Appellee, *v.* JESSE I. BLACK, Defendant-Appellant

NO. 8581

(CRIMINAL NO. C1981-3880)

AUGUST 18, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND CHIEF JUDGE BURNS,
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction of assault. We reverse.

The assault in question took place in the district of Wahiawa. The trial was held in the district of Honolulu. Appellant made three appearances in the district of Honolulu, prior to the trial, and did not object to the venue of the district court for the district of Honolulu. However, when the State rested its case, appellant moved for a judgment of acquittal on the ground that the State had failed to prove a necessary element of its case, to wit: venue. That motion was denied and appellant was convicted.

Rule 18, Hawaii Rules of Penal Procedure expressly establishes venue. It provides in part:

> If the trial is to be had in the district court, it shall be had in the district, as defined in Section 4-1 of the Hawaii Revised Statutes, in which the offense or any part of it was committed, or if no court is in operation in said district, in the district court designated to serve that district within the same circuit.

Of course a proper order for a change of venue can be entered with the consent of all parties pursuant to § 604-7.3, HRS. No such order is here involved.

Section 701-114, HRS, provides in part as follows:

> *Proof beyond a reasonable doubt.* (1) Except as otherwise provided in section 701-115, no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:
>
> .   .   .   .
>
> (d) Facts establishing venue; . . . .

It is undisputed that the State did not establish that venue was within the district of Honolulu.

The State argues that it did establish that venue was within the district of Wahiawa and that by making the court appearances in question, appellant waived his right to insist on the proof of venue in the court in which he was tried.

We do not regard the appearances which were the result of the charge as a waiver of a requirement that the State prove each of the necessary elements set forth by the statute. Appellant had every right to wait until the State had presented its case before moving for acquittal on the grounds that the State had not proved a necessary element. *State v. Miyashiro,* 3 Haw. App. 229, 647 P.2d 302 (1982).[1]

---

[1] We are not in accord with any possible implication in State v. Miyashiro, supra, that under section 14 of Article I of the Hawaii State Constitution, a jury trial for a criminal offense must be held before a jury from the district, as distinguished from the circuit, in which the crime occurred.

Reversed.

*Seth M. Reiss,* Deputy Public Defender, on the briefs for appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the brief for appellee.