**Electronically Filed
Supreme Court
SCWC-13-0000086
12-JAN-2016
09:39 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

_____

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

JUNE-JUNE MAS ABDON,
Petitioner/Defendant-Appellant.

_____

SCWC-13-0000086

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0000086; CR. NO. 12-1-0636)

JANUARY 12, 2016

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY WILSON, J.

Petitioner/Defendant-Appellant June-June Mas Abdon

appeals from the Intermediate Court of Appeals' (ICA) judgment

on appeal entered pursuant to its memorandum opinion. The ICA's

judgment vacated the Circuit Court of the First Circuit's (circuit court) January 16, 2013 judgment of conviction and sentence for sexual assault in the first degree based on the circuit court's failure to instruct on the lesser included offense of sexual assault in the third degree.

Abdon does not challenge the ICA's determination regarding the lesser included offense instruction, but asserts that the ICA gravely erred in rejecting his claim that his post-verdict motion for judgment of acquittal should have been granted by the circuit court. In the post-verdict motion, Abdon contended that the State failed to adduce evidence at trial of the date his prosecution commenced, and accordingly, the State did not prove beyond a reasonable doubt "[f]acts establishing that the offense was committed within" the statute of limitations as required by Hawai'i Revised Statutes (HRS) §§ 701-114(1)(e) and 701-108. Abdon's claim is unavailing because the date the prosecution commenced—i.e., the date of the indictment—was subject to judicial notice as requested by the State. Accordingly, the circuit court did not err in denying his motion for judgment of acquittal. We additionally hold that the circuit court erred in failing to instruct the jury that the State had to prove beyond a reasonable doubt facts establishing the timeliness of the prosecution. However, this error was

harmless beyond a reasonable doubt.  Accordingly, we affirm the ICA's judgment on appeal.

## I.    Background

### A.    Circuit Court Proceedings

On April 24, 2012, the State of Hawaiʻi filed an indictment charging Abdon with sexual assault in the first degree—a class A felony—in violation of HRS § 707-730(1)(b).[1] According to the indictment, "[o]n or about the 1st day of June, 1997, to and including the 30th day of June, 1997," Abdon "did knowingly subject to sexual penetration, [the complaining witness (CW)], who was less than fourteen years old, by inserting his penis into her genital opening."  The indictment stated that CW was born on April 26, 1988; turned eighteen on April 26, 2006; and is still alive, citing to HRS § 701-108(6)(c), which provides that the statute of limitations for felony sexual offenses is tolled while the victim is under eighteen.[2]  The foreperson of the grand jury and the deputy

---

[1]    At the time of the offense, HRS § 707-730(1)(b) (1993) provided that "[a] person commits the offense of sexual assault in the first degree if . . . [t]he person knowingly subjects to sexual penetration another person who is less than fourteen years old[.]"  "Sexual assault in the first degree is a class A felony."  HRS § 707-730(2) (1993).

[2]    HRS § 701-108 governs time limitations for prosecutions.  See infra note 6.  HRS § 701-108(6)(c) (2014) states, as it did at the time relevant here, that "[t]he period of limitation does not run . . . [f]or any felony offense under chapter 707, part V or VI [sexual offenses and child abuse], during any time when the victim is alive and under eighteen years of age."  The statute was amended in 1995 to add this subsection on the basis "that i[t] is likely to take much longer for child victims of crime to report

(continued. . .)

3

prosecuting attorney signed the indictment and indicated the date the indictment was found: "A True Bill found this day: April 24, 2012." The indictment also was signed by the clerk of the circuit court with the filing date of April 24, 2012.

At trial,[3] CW testified that her date of birth was April 26, 1988. CW identified Abdon as her uncle, who was living with her and her family in Hawai'i after moving from the Philippines. In June 1997, when CW was nine, CW testified that Abdon sexually assaulted her in a bedroom the two shared by touching her vagina with his hand and forcing his penis into her vagina. CW did not report the incident until 2010, when she was attending college. Abdon testified at trial and denied having ever touched CW inappropriately.

Following the evidence, the court and the parties discussed jury instructions. Abdon requested an instruction on the lesser included offense of third degree sexual assault.[4] The court rejected Abdon's request over the objection of both Abdon and the State, concluding that there was no rational basis upon

---

(. . . continued)
a crime to law enforcement." S. Stand. Comm. Rep. No. 1205, in 1995 Senate Journal, at 1280.

[3] The Honorable Glenn J. Kim presided.

[4] HRS § 707-732(1)(b) (2014) provides, as it did at the time relevant here, that "[a] person commits the offense of sexual assault in the third degree if . . . [t]he person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]"

4

which a reasonable juror could acquit Abdon of the charged offense but convict him of sexual assault in the third degree.

The jury found Abdon guilty of sexual assault in the first degree, as charged.

At the close of the proceedings, the circuit court ordered counsel to return later in the afternoon to discuss "a matter having to do with [the] case." It appears from the pleadings that at this post-trial meeting, the court instructed the defense to file a motion for judgment of acquittal based on the statute of limitations.

Accordingly, Abdon filed a post-verdict motion for judgment of acquittal contending that the State failed to prove beyond a reasonable doubt, as required by HRS § 701-114,[5] that the six-year statute of limitations for class A felonies

---

[5] HRS § 701-114 (2014), entitled "Proof beyond a reasonable doubt," provides as follows, as it did at the time relevant here:

> (1) Except as otherwise provided in section 701-115, no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:
>
> > (a) Each element of the offense;
> > (b) The state of mind required to establish each element of the offense;
> > (c) Facts establishing jurisdiction;
> > (d) Facts establishing venue; and
> > (e) Facts establishing that the offense was committed within the time period specified in section 701-108.
>
> (2) In the absence of the proof required in subsection (1), the innocence of the defendant is presumed.

(Emphasis added).

enumerated in HRS § 701-108(2)(b) was tolled.  According to the
indictment, the offense was committed in June 1997.  Thus,
absent tolling, the statute of limitations expired in July 2003,
long before the commencement of the prosecution on April 24,
2012.  However, tolling is provided for in HRS § 701-108(6)(c)
where the victim is alive and under eighteen.[6]  Abdon argued
before the circuit court that in the instant case, the State
failed to meet the mandate of HRS §§ 701-114(1)(e), 701-
108(2)(b), and 701-108(6)(c) to prove beyond a reasonable doubt
that the prosecution commenced within six years of the date CW
turned eighteen years old.  Abdon acknowledged that the State

---

[6]     HRS § 701-108 (2014), entitled "Time limitations," provides in
relevant part as follows, as it did at the time relevant here:

> (2) Except as otherwise provided in this section,
> prosecutions for other offenses are subject to the
> following periods of limitation:
>
> . . . .
>
> (b) A prosecution for a class A felony must be commenced
> within six years after it is committed[.]
>
> . . . .
>
> (5) A prosecution is commenced either when an indictment is
> found or a complaint filed, or when an arrest warrant or
> other process is issued, provided that such warrant or
> process is executed without unreasonable delay.
>
> (6) The period of limitation does not run:
>
> . . . .
>
> (c) For any felony offense under chapter 707, part V or VI,
> during any time when the victim is alive and under eighteen
> years of age.

(Emphases added).

adduced evidence "sufficient to establish that CW turned 18 on April 26, 2006" and as such, the limitations period expired "on or about April 26, 2012"——two days after the indictment was found and filed. However, Abdon argued that the State failed to produce any evidence of when the prosecution commenced, that is, "when the indictment was 'found.'" Abdon stated that evidence "[f]or the commencement of prosecution was critical" because the trial began "almost six months after the expiration of the limitation[s] period."

The State filed a memorandum in opposition to Abdon's motion for judgment of acquittal, arguing that it did not have to produce evidence that the indictment was found before April 26, 2012 because it "is a legal fact that did not need to be adduced at trial or go before the jury." The State also argued that Abdon waived any statute of limitations defense to the third degree sexual assault charge by requesting an instruction on the lesser included offense, and accordingly, even if the court granted his motion for judgment of acquittal for sexual assault in the first degree, it must enter a conviction for third degree sexual assault. In the alternative, the State asked the circuit court to take judicial notice of the fact that the indictment was filed on April 24, 2012. The State maintained that it had furnished sufficient facts to allow the

7

court to take judicial notice of the date of the indictment and that when taken together with the trial testimony, judicial notice that the date of the indictment was April 24, 2012 "is sufficient to prove timeliness."

At the hearing on Abdon's motion, the court expressed uncertainty regarding the timeliness issue, but ultimately denied the motion. The court agreed with the State that evidence of the date of the indictment need not be adduced, noting specifically that in a typical case, where no tolling exception applies, the date of commencement of prosecution is not a jury issue. Because the circuit court ruled that the State was not required to provide evidence of the date of the indictment, the court did not address the State's request that it take judicial notice of that fact.

In denying Abdon's motion, the court also stated that its failure to instruct the jury that it must find beyond a reasonable doubt CW's date of birth and that she was continuously alive during the relevant time period resulted in "plain error." However, the court noted that evidence on these issues had been adduced at trial:

> In this case, I do believe that the date of birth of the complainant and, of course, the fact that she was continuously alive during the applicable period also needed to go to the jury, and it didn't. But evidence was adduced at trial upon which the jury could have made that finding if they had been presented with it in the jury instructions, which I think they should have been. And I continue to believe that's error in this case, plain error,

8

that they were not so instructed.

## B.    ICA Proceedings

On appeal before the ICA, Abdon argued that 1) the circuit court erred in denying his post-verdict motion for judgment of acquittal, and 2) the circuit court erred in denying his request to instruct the jury on the lesser included offense of sexual assault in the third degree.

The ICA vacated Abdon's conviction and sentence based on the circuit court's failure to instruct the jury on sexual assault in the third degree.  State v. Abdon, No. CAAP-13-0000086, 2014 WL 4800994, at *7 (App. Sept. 26, 2014) (mem. op.), as corrected (Oct. 27, 2014).[7]  The ICA's ruling on the failure to instruct on the lesser included offense is not raised by the parties as an issue before this court.  Instead, at issue on certiorari is the ICA's conclusion that the circuit court did not err by denying Abdon's post-verdict motion for judgment of acquittal.  See id. at *5.

In this regard, Abdon argued before the ICA that "the Indictment did not allege, and the State did not prove" that the date the prosecution commenced was within six years from the date CW turned eighteen.  Abdon further noted that "the jury was

---

[7]    The court held that the evidence provided a rational basis to instruct the jury on the lesser included offense because a rational juror could infer that there was sexual contact prior to the penetration alleged by CW.  Id.

9

not instructed that the State had to prove that the prosecution commenced within the allowable time limitation period" and thus did not have to find that the "prosecution had been timely beyond a reasonable doubt[,]" resulting in "a denial of due process."

In response, the State argued that Abdon waived the statute of limitations defense because, inter alia, he failed to raise the defense before or during the trial. In the alternative, the State contended that relevant precedent supported its position that evidence of the date the prosecution commenced need not be adduced at trial. Finally, as it did before the circuit court, the State maintained that even if it were required to prove the date when the prosecution commenced, the court may take judicial notice of the date the indictment was found. The State contended that to the extent that the circuit court erred in reasoning that the State did not need to prove the date when the prosecution commenced as required under HRS § 701-114(1)(e), the circuit court's error was harmless because the ICA should take judicial notice that the date of the indictment was April 24, 2012, pursuant to Hawai'i Rules of Evidence (HRE) Rule 201(c), (d), or (f).[8]

---

[8]     HRE Rule 201(c) provides that "[a] court may take judicial notice, whether requested or not" whereas HRE Rule 201(d) states that "[a] court shall take judicial notice if requested by a party and supplied with

(continued. . .)

The ICA rejected Abdon's argument regarding the post—verdict motion for judgment of acquittal. In this respect, the ICA found it unnecessary to decide whether evidence presented was sufficient to establish the timeliness of the prosecution because Abdon waived such a challenge by requesting an instruction on the lesser included offense of sexual assault in the third degree, an offense barred by the statute of limitations. Abdon, mem. op., 2014 WL 4800994, at *5. Sexual assault in the third degree is a class C felony, and thus, a three-year statute of limitations applies. See HRS § 707-732(2) (2014); HRS § 701-108(2)(c) (1993). Accordingly, the statute of limitations for sexual assault in the third degree expired on April 26, 2009, three years following CW's eighteenth birthday. Under this analysis, the ICA concluded that once Abdon sought the benefit of an instruction on the lesser included offense, he waived not only the statute of limitations for sexual assault in the third degree, but also any claim based on the statute of limitations for the charged offense, i.e., sexual assault in the first degree. To support this conclusion, the ICA cited to State v. Timoteo, in which this court held that "Timoteo waived the statute of limitations for the time-barred lesser included

---

(. . . continued)
the necessary information." Under HRE Rule 201(f), a court may take judicial notice "at any stage of the proceeding."

11

offense of simple trespass by requesting that the trial court instruct the jury on [the lesser included offense]." Abdon, mem. op., 2014 WL 4800994, at *5 (quoting State v. Timoteo, 87 Hawai'i 108, 116, 952 P.2d 865, 873 (1997)). The ICA determined that "[b]y waiving proof . . . for the lesser included crime that was otherwise time-barred, it follows that Abdon similarly has waived his statute of limitations challenge as to the charged crime that was not, in fact time barred." Id. The ICA further noted that Abdon failed to raise the statute of limitations challenge before trial or at trial. Id. Finally, the ICA determined that the facts establishing the timeliness of the indictment were not in dispute, and thus the failure to present the issue of timeliness to the jury "by way of instructions . . . is harmless error." Id. (citing State v. Iuli, 101 Hawai'i 196, 207, 65 P.3d 143, 154 (2003)). The ICA did not address the State's request that it take judicial notice of the date of the indictment.

The concurring opinion presented a different analysis of the timeliness issue. According to the concurrence, the State does not need to "present evidence at trial of the incontestible [sic], judicially-known date of when the prosecution was commenced and the limitations period stopped running." Id. at *8 (Nakamura, C.J., concurring). The

12

concurrence reasoned that HRS § 701-114(1)(e)'s requirement that the State prove beyond a reasonable doubt facts establishing that the offense was committed within the statutory time period prescribed in HRS § 701-108 is satisfied by adducing evidence of when the limitations period began to run (the day after the offense was committed) and any period during which the statute of limitations is tolled. Id. (Nakamura, C.J., concurring). "Because the date on which the prosecution was commenced is always known and indisputable, proof of when the limitations period began to run (and any tolling-period) will necessarily serve to establish whether the offense was committed within the limitations period." Id. (Nakamura, C.J., concurring). The concurrence noted that in the instant case, the State presented evidence of the date of CW's eighteenth birthday and the indictment "indisputably shows . . . [it] was found and filed within the six-year limitations period." Id. at *9 (Nakamura, C.J., concurring). Accordingly, the State's failure to present evidence of when Abdon's prosecution commenced was not grounds for overturning the conviction. Id. (Nakamura, C.J., concurring).

The concurrence additionally concluded that Abdon waived his statute of limitations claim by failing to raise an objection before trial, citing to Hawai'i Rules of Penal

13

Procedure (HRPP) Rule 12(b), which states that "<u>defenses and objections based on defects in the institution of the prosecution</u>" must be raised prior to trial. <u>Id.</u> at *11 (Nakamura, C.J., concurring) (quoting HRPP Rule 12(b) (2007)). Further, according to the concurrence, the statute of limitations argument should be "characterized as a defense" and Abdon failed his burden of producing evidence "to support the defense" as is required "before the trial court is required to instruct on it." <u>Id.</u> (Nakamura, C.J., concurring).

## II. Discussion

## A. Post-Verdict Motion for Judgment of Acquittal

On certiorari, Abdon reasserts his claim that the circuit court erred by denying his post-verdict motion for judgment of acquittal because the State failed to prove beyond a reasonable doubt that his prosecution was timely. We disagree.

Post-verdict motions for judgment of acquittal are reviewed using the same standard applied by the circuit court,

> namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

14

Timoteo, 87 Hawai'i at 112-13, 952 P.2d at 869-70 (quoting State v. Jhun, 83 Hawai'i 472, 481, 927 P.2d 1355, 1364 (1996)). Here, Abdon would prevail on the motion for judgment of acquittal if either the record lacked substantial evidence as to the elements of sexual assault in the first degree, HRS § 701-114(1)(a), or it lacked substantial evidence as to one of the following:

> (b) The state of mind required to establish each element of the offense;
> (c) Facts establishing jurisdiction;
> (d) Facts establishing venue; and
> (e) Facts establishing that the offense was committed within the time period specified in [HRS] section 701-108.

HRS § 701-114(1); see also Timoteo, 87 Hawai'i at 113, 952 P.2d at 870.

At issue here is Abdon's claim, pursuant to HRS § 701-114(1)(e), that the State failed to present evidence, and that the jury failed to specifically find, that his prosecution complied with the time limitations laid out in HRS § 701-108. As noted supra, sexual assault in the first degree is a class A felony, and accordingly, at the time relevant here, the prosecution had to "be commenced within six years after" commission of the crime. HRS § 701-108(2)(b).[9] Pursuant to HRS § 701-108(6)(c), however, for felony sexual and child abuse

---

[9] HRS § 701-108(2)(b) (2014) states, as it did at the time relevant here, that "[a] prosecution for a class A felony must be commenced within six years after it is committed[.]" However, in 2014, the legislature amended HRS § 701-108(1) to provide that "[a] prosecution for . . . sexual assault in the first and second degrees . . . may be commenced at any time." HRS § 701-108(1) (2014). This amendment does not apply to the instant case.

15

offenses, the limitations period is tolled "during any time when the victim is alive and under eighteen years of age." HRS § 701-108(5) (2014) provides, as it did at the time relevant here, that "[a] prosecution is commenced either when an indictment is found or a complaint filed, or when an arrest warrant or other process is issued[.]"

Here, the indictment charging Abdon with sexual assault in the first degree averred that CW was less than fourteen years old at the time of the offense. The indictment further averred that CW "was born on April 26, 1988, became eighteen years of age on April 26, 2006, and is still alive" with reference to the applicable tolling statute, HRS § 701-108(6)(c). At trial, CW's testimony supporting these averments was undisputed. Specifically CW testified that she was nine years old in June 1997 when the alleged sexual assault occurred and that her date of birth was April 26, 1988. Because CW was a minor at the time of the crime, the six-year limitations period was tolled during the time CW was alive and under eighteen years old. See HRS § 701-108(6)(c). Thus, the six-year limitations period did not commence until the date of CW's eighteenth birthday on April 26, 2006. The indictment was filed and found on April 24, 2012, two days prior to the expiration of the

statute of limitations, on April 26, 2012.  Accordingly, the prosecution was timely.

Abdon does not dispute the timeliness of his prosecution, but instead argues that HRS § 701-114(1)(e) required the State to present evidence to the jury of the date the prosecution commenced.  Pursuant to HRS § 701-114(1)(e), the State is statutorily required to prove beyond a reasonable doubt "[f]acts establishing that the offense was committed within" the relevant time period.  HRS § 701-114(1)(e).  If the State fails to prove beyond a reasonable doubt any of the requirements under HRS § 701-114(1), then "the innocence of the defendant is presumed."  HRS § 701-114(2).  For purposes of proving that the offense was committed within the relevant limitations period, the State had to present facts establishing the date of the offense, the CW's date of birth or her eighteenth birthday, that she was alive on her eighteenth birthday, and the date of the commencement of the proceedings.  Hawai'i case law has repeatedly confirmed the State's obligation to prove timeliness and has determined that timeliness is a factual issue.  See State v. Stan's Contracting, Inc., 111 Hawai'i 17, 33, 137 P.3d 331, 347 (2006) (stating that the timely commencement of the prosecution "constitutes a baseline substantive component that the prosecution must prove beyond a reasonable doubt at trial");

17

Iuli, 101 Hawai'i at 207, 65 P.3d at 154 (stating that HRS § 701-114 "requires proof beyond a reasonable doubt of each element of the offense, the state of mind required to establish each element of the offense, and facts establishing jurisdiction, venue, and timeliness"); State v. Correa, 5 Haw. App. 644, 650, 706 P.2d 1321, 1325 (1985) ("Evidence is merely the means of proving a fact. The trier of fact still must find the fact. Where timeliness of the prosecution and venue are issues of fact, the jury must be so instructed.").

Here, the State presented evidence of the date of the offense—June 1997—through CW's testimony. As to the tolling period, as noted above, the State adduced substantial evidence regarding CW's date of birth (and accordingly, her eighteenth birthday), as well as evidence that she was alive during the applicable period, the latter by virtue of her live trial testimony. However, there was no evidence presented regarding the date of the commencement of the proceedings, and thus, the record lacked substantial evidence that the prosecution was commenced within the six-year statute of limitations period.

Because the circuit court ruled that the State was not required to provide evidence of the date of the indictment, the court did not address the State's request that it take judicial notice of that fact. The State also requested on appeal that

18

the ICA take judicial notice of the fact that the indictment was found, and the prosecution was commenced, on April 24, 2012, two days before the expiration of the statute of limitations.  The ICA affirmed the circuit court's denial of Abdon's motion for judgment of acquittal, finding, inter alia, that the indictment was timely because it was filed on April 24, 2012, and Abdon waived any challenge to the sufficiency of the evidence regarding the statute of limitations.  Abdon, mem. op., 2014 WL 4800994, at *4-6.  Consequently, the ICA also did not address the State's request to take judicial notice of the date of the indictment.

Hawai'i Rules of Evidence Rule 201 governs judicial notice of adjudicative facts; it provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  "[T]he purpose of the judicial notice rule . . . is to eliminate the necessity of taking the time of the court and the jury to make formal proof of a fact which cannot be disputed."  State v. Moses, 102 Hawai'i 449, 454, 77 P.3d 940, 945 (2003) (quoting In re Estate of Herbert, 90 Hawai'i 443, 446, 979 P.2d 39, 62 (1999)).  Judicial notice,

19

then, dispenses with the need for evidence and enables a court to declare the existence of a relevant fact so long as it is a fact that is not subject to reasonable dispute.  See HRE Rule 201.

"The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."  State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985).  Because an indictment is a court record and thus an official document, it qualifies as a "source[] whose accuracy cannot be reasonably questioned."  See Addison M. Bowman, Hawai'i Rules of Evidence Manual § 201-5[4] (2014-2015 ed.).  This court has noted that "taking judicial notice of the records and files of a case may or may not be proper, depending upon the type of record at issue and the purpose for which it is considered." State v. Kotis, 91 Hawai'i 319, 343, 984 P.2d 78, 102 (1999).  Where a trial court seeks to take judicial notice of "its own acts or of the existence of records on file in the same case," a number of other jurisdictions have held that judicial notice under this circumstance is proper.  Id. at 341, 984 P.2d at 100.  And other jurisdictions have specifically taken judicial notice of the filing date of certain documents, as well as the dates when certain hearings are held in the case.  See, e.g., Deicher v. City of Evansville, 545 F.3d 537, 541-42 (7th Cir. 2008)

20

(holding that the court properly took judicial notice of the complaint filing date, which was not admitted into evidence); State v. Blow, 602 A.2d 552, 557 (Vt. 1991) (affirming the trial court's decision to take judicial notice of the date of the defendant's arraignment).

Under HRE Rule 201(d), a court shall take judicial notice when a party requests that the court take judicial notice of a fact and supplies the court with the necessary information. In this case, Abdon was found guilty of sexual assault in the first degree after a jury trial. He filed a post-verdict motion for judgment of acquittal, contending that the State failed to adduce evidence and prove beyond a reasonable doubt that the prosecution commenced within six years of the victim's eighteenth birthday, as required by statute. In its opposition memorandum, the State requested that the trial court take judicial notice that the filing date of the indictment was April 24, 2012, which was within six years of the victim's eighteenth birthday and therefore before the expiration of the statute of limitations on April 26, 2012.[10] The indictment, dated April 24, 2012, was in the circuit court's file and in the court's immediate possession as it was attached to Abdon's post-verdict

_____

[10] The State made this argument in the alternative. The State's primary argument was that it did not need to adduce evidence regarding the date of the indictment, or in other words, the date the prosecution commenced.

21

motion and part of the court records of this case.  The ready availability and accuracy of the indictment, which neither party contested, thus could not be questioned, and under these circumstances, the circuit court was mandated to take judicial notice of the date the indictment was found and filed.  See HRE Rule 201(d).

Because a court is required to take judicial notice if requested by a party and supplied with the necessary information and because a court may take judicial notice "at any stage of the proceeding," including on appeal, the ICA also should have taken judicial notice of the indictment in light of the State's similar request to the circuit court.  See HRE Rule 201(f).  The indictment was in the record on appeal and was in the ICA's immediate possession.  Further, neither party disputed on appeal the validity and accuracy of the date of the indictment, and therefore the accuracy of the indictment could not be reasonably questioned.  Under the circumstances of this case, the ICA erred in failing to take judicial notice of the date the indictment was found and filed.  See HRE Rule 201(d), (f).

In order to correct the circuit court's and the ICA's error, this court takes judicial notice that the date the indictment was found and filed in this case was April 24, 2012.  Taking judicial notice of this fact establishes that the

prosecution was timely commenced two days before the expiration of the statute of limitations, on April 24, 2012, when the indictment was found.  On this basis, we affirm the circuit court's denial of Abdon's post-verdict motion for judgment of acquittal.

We additionally determine that the ICA erred in its conclusion that Abdon waived his timeliness challenge under HRS § 701-114(1)(e).  See Abdon, mem. op., 2014 WL 4800994, at \*5.  Specifically, the ICA concluded that pursuant to Timoteo, Abdon waived his statute of limitations challenge to the charged offense by requesting a jury instruction on a lesser included time-barred offense, i.e., sexual assault in the third degree.  Id. (citing Timoteo, 87 Hawai'i at 115-16, 952 P.2d at 872-73).  However, Timoteo's waiver holding does not extend to the facts of Abdon's case, and accordingly, the ICA's conclusion is incorrect.

In Timoteo, the petitioner was charged with burglary in the first degree.  87 Hawai'i at 111, 952 P.2d at 868.  While the parties and the court were settling jury instructions, Timoteo requested an instruction on simple trespass, a lesser included offense.  Id.  The court granted Timoteo's request and the jury proceeded to find Timoteo guilty of the lesser included offense.  Id.  Timoteo filed a "motion to dismiss" two days

following the verdict, arguing that the court should enter a judgment of acquittal because the one-year statute of limitations on simple trespass had expired prior to the date of the indictment. Id. The prosecution argued that Timoteo waived the statute of limitations challenge by "request[ing] the jury instruction for the time-barred lesser included offense of simple trespass." Id. The circuit court granted Timoteo's motion, dismissing his conviction. Id.

We construed Timoteo's motion as a post-verdict motion for judgment of acquittal and considered the prosecution's waiver argument. Id. In this regard, we determined that statutes of limitations for prosecutions in Hawai'i are waivable and agreed with the State that Timoteo waived his statute of limitations challenge under the circumstances of the case. Id. at 114, 952 P.2d at 871. Specifically, we held that by "request[ing] the jury instruction on simple trespass, [Timoteo] effectively waived the statute of limitations and agreed that the jury could convict him of simple trespass, rather than the more serious initially charged offense of burglary in the first degree, because he preferred the less serious of the two possible convictions." Id. at 116, 952 P.2d at 873.

In the instant case, the ICA determined that Abdon waived his statute of limitations defense for the lesser

24

included offense of sexual assault in the third degree by requesting an instruction on the lesser included offense, which "would have been time barred," Abdon, mem. op., 2014 WL 4800994, at \*5, as explained supra. The ICA's conclusion in this regard is a correct reading of Timoteo. The ICA, however, went further to hold that because Abdon waived a statute of limitations defense for the third degree sexual assault charge, "it follows that Abdon similarly has waived his statute of limitations challenge as to the charged crime that was not, in fact time barred." Id. The ICA's conclusion does not follow from Timoteo's holding. Indeed, the Timoteo court made no reference to the effect of its waiver holding on the charged offense. Moreover, the reasoning supporting Timoteo's holding does not extend to cases where the statute of limitations challenge is to the charged offense. As we noted in Timoteo, by requesting an instruction on a lesser included offense, in effect, a defendant is agreeing that it is possible that he or she may be found guilty of that offense. 87 Hawai'i at 116, 952 P.2d at 873. Other courts have similarly explained that where a defendant seeks the benefit of being convicted of a less serious crime, he or she cannot proceed to attack a conviction for that same crime on statute of limitation grounds. See, e.g., United States v. Williams, 684 F.2d 296, 299 (4th Cir. 1982) (holding

that where the defendant requested the charge for the lesser included offense and "in all probability, benefited from the charge[,]" the defendant "cannot now complain of the result"); People v. Brocksmith, 604 N.E.2d 1059, 1065 (Ill. App. Ct. 1992) ("If a defendant wishes to seek a lesser offense and try for the possible compromise verdict, he must be willing to accept the consequences of that decision, even if it means conviction of a crime for which the statute of limitations has expired."), aff'd, 642 N.E.2d 1230 (1994); Weber v. State, 602 So.2d 1316, 1319 (Fla. Dist. Ct. App. 1992) (holding that following a guilty verdict "based on the requested [lesser included offense] instruction, defense counsel cannot be allowed to change legal positions in midstream and seek a reversal based on that error").[11]  Abdon did not request to be charged with sexual assault in the first degree, the charge at issue for his statute of limitations challenge.  Thus, unlike in Timoteo and the other cases mentioned above, Abdon did not seek the benefit of being convicted of a lesser crime and then take the inconsistent position—after conviction of that lesser crime—that such a conviction was invalid.

We also disagree with the ICA's conclusion that Abdon waived his statute of limitations challenge by failing to raise

_____

[11]     These cases were also cited in Timoteo.

26

it before or at trial.  Abdon, mem. op., 2014 WL 4800994, at *5.

As noted supra, statutes of limitations for criminal

prosecutions can be waived in certain situations.  Specifically,

we have held that a statute of limitations challenge to a lesser

included offense is waived by requesting an instruction on the

lesser included offense, as in Timoteo; and that the statute of

limitations may be waived by pleading no contest to the charge

at issue, as in Adams v. State, 103 Hawai'i 214, 226, 81 P.3d

394, 406 (2003).  However, unlike in the instant case, both

Timoteo and Adams presented situations in which the defendant

acted affirmatively to imply acquiescence to being convicted of

a time-barred offense.  See Timoteo, 87 Hawai'i at 116, 952 P.2d

at 873 (distinguishing State v. Black, 66 Haw. 530, 531, 668

P.2d 32, 34 (1983), in which we held that a defendant did not

waive his right to proof of venue by failing to raise the issue

prior to a motion for judgment of acquittal, because "unlike

Timoteo, the defendant in Black did not affirmatively act in any

manner indicating that he was waiving the right at issue").[12]  We

have not yet decided whether a statute of limitations challenge

can be waived based solely on the timing of the challenge.

        To determine this issue, we are mindful that while

---

[12]    Timoteo also distinguished Black on the basis that proof of
venue, unlike the statute of limitations, involves a constitutional right.
Id.

statutes of limitations "may be invoked, and waived, as affirmative defenses, that is not the sum total of their nature or function." Stan's, 111 Hawai'i at 33, 137 P.3d at 347 (emphasis added). We emphasized in Stan's that pursuant to "HRS § 701-114(1)(e), the timeliness of the prosecution in satisfaction of HRS § 701-108 constitutes a baseline substantive component that the prosecution must prove beyond a reasonable doubt at trial" and that "silence by the defendant on the issue of timeliness does not relieve the prosecution of its burden of proving that component." Id. (emphasis added). Here, based on our holding in Stan's, Abdon's statute of limitations challenge was timely, despite first raising it in a post-verdict motion for judgment of acquittal.[13] As Abdon contends, a pretrial motion would have been premature,[14] and HRPP Rule 29(c) (1977) allows for post-verdict motions for judgment of acquittal within ten days of the verdict without requiring a "similar motion . . . [to be] made prior to the submission of the case to the

---

[13] Notably, in Timoteo, the defendant raised the statute of limitations challenge to the lesser-included offense at issue post-verdict, but the court made no mention of the timing of the challenge in determining that the claim had been waived. 87 Hawai'i at 113-16, 952 P.2d at 869-73.

[14] The ICA concurrence determined that pursuant to HRPP Rule 12(b), Abdon waived his statute of limitations claim by failing to raise it in a pretrial motion. Abdon, mem. op., 2014 WL 4800994, at *10-11 (Nakamura, C.J., concurring). However, HRPP Rule 12(b), governing pretrial motions, applies to defenses and objections "which [are] capable of determination without the trial of the general issue." Here, Abdon's challenge was to the State's failure to prove at trial that the prosecution was timely. Accordingly, HRPP Rule 12(b) is inapplicable.

jury."

## B.    Jury Instructions

Abdon additionally takes issue with the circuit court's failure to instruct the jury regarding the timeliness of the prosecution.  We agree with Abdon insofar as the circuit court erred by failing to instruct the jury that the State must prove beyond a reasonable doubt the facts necessary to support the statutory tolling period.  Specifically, the jury should have been instructed that the prosecution had to prove beyond a reasonable doubt (1) the date of the offense, (2) CW's birth date or the date of her eighteenth birthday, (3) that CW was alive on her eighteenth birthday, and (4) the date the indictment was found.[15]  As discussed supra, this comports with HRS § 701-114(1)(e)'s requirement that timeliness of the prosecution be proven beyond a reasonable doubt.  See Stan's, 111 Hawai'i at 33, 137 P.3d at 347 (noting "the timeliness of the prosecution in satisfaction of HRS § 701-108 constitutes a baseline substantive component that the prosecution must prove beyond a reasonable doubt at trial"); Correa, 5 Haw. App. at 649-50, 706 P.2d at 1325 (citing HRS § 701-114(1)(e) in determining that the circuit court should have instructed the

_____

[15]    The jury was instructed regarding the date of the offense and CW's age at the time of the offense.  Specifically, the court informed the jury that the prosecution must prove that the offense occurred "on or about the 1st day of June, 1997, to and including the 30th day of June, 1997" and that CW "was less than fourteen years old at that time."

jury regarding timeliness and venue).

Where jury instructions are at issue on appeal, "once instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, i.e., that the erroneous jury instruction was not harmless beyond a reasonable doubt." State v. Nichols, 111 Hawai'i 327, 337, 141 P.3d 974, 984 (2006). Here, the circuit court's failure to instruct the jury regarding the timeliness of the prosecution was harmless beyond a reasonable doubt, because as previously discussed, we take judicial notice of the date of the indictment, and thus there is sufficient evidence in the record that the prosecution was timely commenced. In Iuli, 101 Hawai'i at 207, 65 P.3d at 154, we reached a similar determination based upon the record in that case. On appeal, Iuli argued that the "jury instructions were insufficient because they did not instruct the jury as to venue, jurisdiction, and timeliness of prosecution." Id. While acknowledging that HRS § 701-114 requires proof beyond a reasonable doubt of "facts establishing jurisdiction, venue, and timeliness," we held that "where uncontradicted and undisputed evidence of timely prosecution, jurisdiction, and proper venue is contained in the record, the trial court's failure to

30

instruct the jury is harmless beyond a reasonable doubt."  Id.
Because the prosecution in Iuli presented evidence of
timeliness, jurisdiction, and venue at trial, we concluded that
"the trial court's failure to instruct the jury on these matters
was harmless beyond a reasonable doubt."  Id.; see also Correa,
5 Haw. App. at 650, 706 P.2d at 1325 (holding failure to
instruct on timeliness and venue was harmless beyond a
reasonable doubt where the evidence was "uncontradicted and
undisputed . . . that the offenses occurred on November 24, 1982
in Pearl City, O'ahu").  Here, in light of the judicially-noticed
indictment date, the record, as in Iuli and Correa, contains
undisputed evidence regarding the timeliness of the prosecution.
Accordingly, the circuit court's instructional error was
harmless beyond a reasonable doubt.

### III. Conclusion

For the foregoing reasons, the ICA's October 22, 2014
judgment on appeal is affirmed.

| Phyllis J. Hironaka<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Stephen K. Tsushima<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

