**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000482
28-JUN-2021
07:59 AM
Dkt. 46 SO**

NO. CAAP-19-0000482

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
FU XIANG HE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-18-02761)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Fu Xiang He (**He**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered June 20, 2019 (**Judgment**), in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]  He was convicted of operating a vehicle under the influence of an

---

[1]  The Honorable Randal I. Shintani presided.

intoxicant (**OVUII**), as a first offense, in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1), (b)(1) (Supp. 2018).[2]

He raises a single point of error on appeal, contending that the District Court erred in taking judicial notice of the court minutes from a prior District Court case, 1DTA-16-04155. Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve He's point of error as follows:

---

[2] HS § 291E-61 stated at the time of the offense, in relevant part:

> **§ 291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]
> >
> > . . . .
>
> (b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:
>
> > (1) For the first offense, or any offense not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):
> >
> > . . . .
> >
> > > (C) Any one or more of the following:
> > >
> > > . . . .
> > >
> > > > (ii) Not less than forty-eight hours and not more than five days of imprisonment[.]

In the District Court proceedings in this case, 1DTA-18-02761, He challenged the timeliness of the commencement of the prosecution pursuant to HRS §§ 701-108 (2014) and 701-114 (2014). HRS § 701-114 sets forth what the State must prove beyond a reasonable doubt to convict a defendant, and provides:

> **§ 701-114  Proof beyond a reasonable doubt.**  (1) Except as otherwise provided in section 701-115, no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:
>
> > (a)   Each element of the offense;
> >
> > (b)   The state of mind required to establish each element of the offense;
> >
> > (c)   Facts establishing jurisdiction;
> >
> > (d)   Facts establishing venue; and
> >
> > (e)   Facts establishing that the offense was committed within the time period specified in section 701-108.
>
> (2)   In the absence of the proof required by subsection (1), the innocence of the defendant is presumed.

(Emphasis added).

HRS § 701-108(2)(f) applies to the first-offense OVUII charge against He and provides that "[a] prosecution for a petty misdemeanor or a violation other than a parking violation must be commenced within one year after it is committed."

Here, the charged offense was alleged to have occurred on November 18, 2016, and the State filed the Complaint in 1DTA-18-02761 on August 22, 2018.  After the State rested its case and made closing arguments, He argued that the State failed to prove beyond a reasonable doubt the requirement set forth in HRS § 701-114(1)(e), *i.e.*, that the prosecution was timely.  The State

conceded that it had not adduced evidence to meet the timely-commencement requirement, but argued that the court could take judicial notice, pursuant to Hawaiʻi Rules of Evidence (**HRE**) Rule 201, of the records in 1DTA-16-04155 to establish the timeliness of the prosecution in this case.[3] The District Court took judicial notice of the records in 1DTA-16-04155 and found that the State filed the complaint against He within the statute of limitations.

He argues that the District Court erred when it took judicial notice, because: (1) there was no evidence that 1DTA-

---

[3]     HRE Rule 201 provides:

**Rule 201  Judicial notice of adjudicative facts**.  (a) Scope of rule.  This rule governs only judicial notice of adjudicative facts.

(b)  Kinds of facts.  A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c)  When discretionary.  A court may take judicial notice, whether requested or not.

(d)  When mandatory.  A court shall take judicial notice if requested by a party and supplied with the necessary information.

(e)  Opportunity to be heard.  A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.  In the absence of prior notification, the request may be made after judicial notice has been taken.

(f)  Time of taking notice.  Judicial notice may be taken at any stage of the proceeding.

(g)  Instructing jury.  In a civil proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed.  In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

16-04155 involved He or was based on the same incident as charged in 1DTA-18-02761; (2) the records in 1DTA-16-04155 were not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" as required by HRE Rule 201; and (3) the State had already rested its case and made closing argument. We address each of these arguments in turn.

As to He's first argument, the Complaint in 1DTA-16-04155 and the Complaint in 1DTA-18-02761 were both filed against "Fu Xiang He;" both complaints allege the same offense, OVUII, and the same incident date of November 18, 2016; and both complaints reference the same Report/Citation No. 16454071-001. In addition, the Complaint in 1DTA-18-02761 specifically alleges that: "A prosecution against FU XIANG HE for the same conduct as alleged in this charge was pending in the State of Hawaii under Case number 1DTA-16-04155 from November 28, 2016[,] to and including July 13, 2018." The Complaint in 1DTA-16-04155 bears a filed-stamp date of November 28, 2016, and the Notice of Entry of Judgment and/or Order and Plea/Judgment in 1DTA-16-04155 dismissing the charge without prejudice bears a filed-stamp date of July 13, 2018. We conclude that the District Court did not err in its determination that 1DTA-16-04155 involved He and was based on the same incident as charged in 1DTA-18-02761 based upon its taking judicial notice of the records in those cases.

He's second argument is also without merit. The District Court's records of the filing dates of the Complaint and Judgment in 1DTA-16-04155, as well as the contents (not the merits) of the Complaint in 1DTA-16-04155 are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, *i.e.*, the court's own records and files in 1DTA-16-04155. See State v. Abdon, 137 Hawaiʻi 19, 26, 364 P.3d 917, 924 (2016) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

Third, He argues that the District Court erred in taking judicial notice of the records in 1DTA-16-04155 after the prosecution closed its case. However, HRE Rule 201(f) specifically provides that "judicial notice may be taken at any stage of the proceeding." See also Abdon, 137 Hawaiʻi at 21-22, 26-27, 364 P.3d at 919-20, 924-25 (concerning a trial court's post-verdict ruling on a motion for judgment for acquittal based on alleged failure to prove that the statute of limitations was not exceeded, holding that the Intermediate Court of Appeals erred in failing to take judicial notice of the date of the subject indictment); State v. Botelho, CAAP-18-0000285, 2019 WL 2119655, at *1 (Haw. App. May 15, 2019) (SDO). Accordingly, we conclude that this argument is without merit.

For these reasons, the District Court's June 20, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 28, 2021.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge