**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000065
27-OCT-2023
07:53 AM
Dkt. 83 SO

NO. CAAP-19-0000065

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
CITIGROUP MORTGAGE LOAN TRUST INC., MORTGAGE-BACKED
NOTES, SERIES 2005-11, Plaintiff-Appellee,
v.
HOWARD E. GREENBERG; DENISE C. GREENBERG,
Defendants-Appellants,
and
WELLS FARGO BANK, N.A.; KE ALIʻI KAI ASSOCIATION, INC.,
Defendants-Appellees,
and
JOHN and MARY DOES 1-20, DOE PARTNERSHIPS,
CORPORATIONS or OTHER ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 16-1-0554(1))


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and McCullen, JJ.)


        This appeal arises out of a foreclosure action brought
by Plaintiff-Appellee US Bank National Association, as Trustee
for Citigroup Mortgage Loan Trust Inc., Mortgage-Backed Notes,
Series 2005-11 (**US Bank**) against Defendants-Appellants Howard E.
Greenberg (**Howard**) and Denise C. Greenberg (**Denise**)
(collectively, the **Greenbergs**) and other defendants.  The
Greenbergs appeal from the February 20, 2019 Judgment
(**Foreclosure Judgment**), entered in favor of US Bank and against
all defendants by the Circuit Court of the Second Circuit
(**Circuit Court**).[1]  The Greenbergs also challenge the Circuit

---

[1]     The Honorable Rhonda I.L. Loo presided.

Court's February 20, 2019 "Findings of Fact; Conclusions of Law; Order Granting [US Bank's] Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties Filed August 29, 2018" (**Foreclosure Decree**).

For the reasons discussed below, we conclude that this appeal must be dismissed as moot.

## I. Background

On October 24, 2016, US Bank filed a complaint for mortgage foreclosure against the Greenbergs and others. On February 20, 2019, the Circuit Court entered the Foreclosure Decree and the Foreclosure Judgment, having announced the court's intention to do so on November 20, 2018. On January 29, 2019, the Greenbergs filed a notice of appeal from the Foreclosure Decree and the Foreclosure Judgment, which is considered timely under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2). The Greenbergs did not post a supersedeas bond or otherwise obtain a stay pending appeal.[2]

On March 16, 2023, US Bank filed a motion to dismiss the appeal as moot (**Motion to Dismiss**), because the Greenbergs failed to obtain a stay and the property at issue (**Property**) was sold to a third-party, good-faith purchaser, Robert Wuthrich (**Wuthrich**), at the May 7, 2021 foreclosure sale. US Bank contended that the Circuit Court confirmed the sale to Wuthridge in an August 13, 2021 "Order Granting [U.S. Bank's] Motion for Confirmation of Sale, Distribution of Proceeds, and for Writ of Ejectment Filed May 25, 2021" (**Confirmation Order**) and an August 12, 2021 Judgment (**Confirmation Judgment**).[3] The Motion to Dismiss was supported by a Declaration of Counsel, which attached

---

[2] The Greenbergs filed a motion to stay US Bank's foreclosure proceeding, and the Circuit Court ordered the Greenbergs to post a supersedeas bond, among other requirements, in order to stay the proceedings. The Greenbergs did not post a bond.

[3] We take judicial notice of the fact that on March 3, 2023, US Bank filed a notice of appeal from the Confirmation Judgment and certain post-judgment orders, initiating case no. CAAP-23-0000103. That appeal appears to concern alleged errors in the Confirmation Order in stating amounts owed to US Bank. In any event, the outcome of that appeal could not affect the closed sale of the Property to a third-party, good-faith purchaser. See City Bank v. Saje Ventures II, 7 Haw. App. 130, 133, 748 P.2d 812, 814-15 (1988).

a "true and correct copy" of a Commissioner's Deed, which appears to have conveyed the Property to Wuthrich and to have been recorded in the Bureau of Conveyances of the State of Hawaiʻi on September 17, 2021 (**Commissioner's Deed**).

Howard filed no response to the Motion to Dismiss.

On June 13, 2023, Denise filed a memorandum in opposition to the Motion to Dismiss.  Denise argued, among other things, that "the Purchaser [of the Property] is not an 'innocent or good faith purchaser[,]" (quoting Bank of New York Mellon v. R. Onaga, Inc., 140 Hawaiʻi 358, 367 n.13, 400 P.3d 559, 568 n.13 (2017)), and is instead a "non-bona fide purchaser" (emphasis omitted), as described in Kondaur Capital Corp. v. Matsuyoshi, 136 Hawaiʻi 227, 240 n.27, 361 P.3d 454, 467 n.27 (2015).

On June 30, 2023, this court entered an Order for Temporary Remand, under which this case was temporarily remanded to the Circuit Court for an evidentiary hearing to determine whether Wuthrich is a third-party, good-faith purchaser of the Property.  See Wilmington Sav. Fund Soc'y, FSB v. Domingo, Nos. SCWC-18-0000099 and SCWC-18-0000712, 2023 WL 2017392 (Haw. Feb. 15, 2023) (Mem. Op.).

After an evidentiary hearing on July 25, 2023, the Circuit Court entered its "Findings of Fact; Conclusions of Law; Order" on August 4, 2023 (**August 4, 2023 FOFs/COLs/Order**).  The Circuit Court found and concluded, *inter alia*, that Wuthrich is a third-party, good-faith purchaser of the Property; Wuthrich is not related to or did not conspire with any of the named parties and is a third party; Wuthrich did not have knowledge or means of knowledge sufficient to charge him in law with knowledge of any infirmity in the title of the seller; Wuthrich was the highest bidder at the foreclosure auction; on August 13, 2021, the Circuit Court entered the Confirmation Order, confirming the sale to third-party purchaser Wuthrich; and the Commissioner's Deed was recorded with the Bureau of Conveyances on September 17, 2021, conveying the Property to Wuthrich.

On August 10, 2023, the supplemental record on appeal (**SRA**) was filed.  The SRA includes the August 4, 2023 FOFs/COLs/Order.  Pursuant to the Order for Temporary Remand,

jurisdiction automatically reverted to this court upon the filing of the SRA.

In light of the Greenbergs' failure to obtain a stay and the Circuit Court's determination that Wuthrich is a good-faith, third-party purchaser of the Property, on September 18, 2023, this court issued an Order to Show Cause (**OSC**) why this appeal should not be dismissed as moot.

On October 2, 2023, the Greenbergs filed a response to the OSC. The Greenbergs "agree with the Circuit Court's findings entered in its August 4, 2023 [FOFs/COLs/Order ,]" and acknowledge that "based upon the standard set forth in In re Marn Family Litig., 136 Hawaiʻ[i] 374, 362 P.3d 807 (Haw. App. 2015), . . . Wuthrich was a 'good faith purchaser'" of the Property. The Greenbergs argue, however, that this appeal should not be dismissed because the public interest exception to the mootness doctrine applies.

## II. Discussion

Under Hawaiʻi law, mootness is an issue of justiciability. See State v. Hewitt, 153 Hawaiʻi 33, 42, 526 P.3d 558, 567 (2023). The mootness doctrine applies "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised." Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008) (quoting Lathrop v. Sakatani, 111 Hawaiʻi 307, 312-13, 141 P.3d 480, 485-86 (2006)). In short, "a case is moot if the reviewing court can no longer grant effective relief." Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (emphasis and brackets omitted) (quoting Kemp v. State of Hawaiʻi Child Support Enf't Agency, 111 Hawaiʻi 367, 385, 141 P.3d 1014, 1032 (2006)).

In City Bank, this court stated:

> The general rule is that the right of a good faith purchaser "to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a supersedeas bond has not been filed." Leisure

4

> Campground & Country Club Ltd. Partnership v. Leisure
> Estates, 280 Md. 220, 223, 372 A.2d 595, 598 (1977). See
> also Citibank, N.A. v. Data Lease Fin. Corp., 645 F.2d 333,
> 336 (5th Cir. 1981). The purpose of the rule is to advance
> "the stability and productiveness of judicial sales." 47
> Am. Jur. 2d *Judicial Sales* § 55 (1969). An exception to the
> rule is where the reversal is based on jurisdictional
> grounds. Id. at § 54. The second exception is where the
> purchaser is the mortgagee since he "does not free himself
> from the underlying dispute to which he is a party." Leisure
> Campground, 280 Md. at 223, 372 A.2d at 598. See also 47
> Am. Jur. 2d Judicial Sales §§ 59-61.

7 Haw. App. at 133, 748 P.2d at 814 (brackets omitted); see also
Lathrop, 111 Hawaiʻi at 313, 141 P.3d at 486 ("[T]he sale of the
property prevents the appellate court from granting any effective
relief.").

In Onaga, the Hawaiʻi Supreme Court expressly adopted
the City Bank rule "for application to Land Court properties as
well as properties administered pursuant to HRS Chapter 502
(Regular System)[,]" and held that "an appellant challenging a
foreclosure must post a supersedeas bond or otherwise obtain a
stay pursuant to [Hawaiʻi Rules of Civil Procedure (**HRCP**)] Rule
62 or [HRAP] Rule 8." Onaga, 140 Hawaiʻi at 367, 400 P.3d at
568. In sum:

> A party who wishes to stay an order confirming a foreclosure
> sale pending appeal must post a supersedeas bond or
> otherwise obtain a stay pursuant to HRCP Rule 62 or HRAP
> Rule 8. If a stay is not obtained and the property is sold
> to a [good-faith] purchaser, the appeal should be dismissed
> as moot because no effective relief can be granted.

Id. at 370, 400 P.3d at 571. "An innocent or good faith
purchaser is one who, by an honest contract or agreement,
purchases property or acquires an interest therein, without
knowledge, or means of knowledge sufficient to charge him in law
with knowledge, of any infirmity in the title of the seller."
Id. at 367 n.13, 400 P.3d at 568 n.13 (quoting Kaʻu Agribusiness
Co. v. Heirs or Assigns of Ahulau, 105 Hawaiʻi 182, 193, 95 P.3d
613, 624 (2004)) (internal quotation marks omitted).

Here, the Circuit Court determined – and the Greenbergs
do not dispute – that Wuthrich was the highest bidder at the
foreclosure auction; the Confirmation Order confirmed the sale to
Wuthrich; the Commissioner's Deed conveyed the Property to
Wuthrich; and Wuthrich is a third-party, good-faith purchaser of

the Property.[4/]  Because the August 4, 2023 FOFs are uncontested, they are binding on appeal.  See State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019). Indeed, the Greenbergs expressly acknowledge that Wuthrich is a good-faith purchaser of the Property.

In addition, the Greenbergs have not shown that either exception to the City Bank rule applies.  As to the jurisdiction exception, we take judicial notice that the Greenbergs did not appeal from the Confirmation Judgment (see supra note 3), and in this appeal, they have not shown that the Circuit Court lacked jurisdiction to enter the Confirmation Order or the Confirmation Judgment.[5/]  As to the mortgagee purchaser exception, the Greenbergs do not dispute that Wuthrich is a third-party purchaser of the Property unrelated to US Bank.  Accordingly, the exceptions to the City Bank rule do not apply, and this appeal appears to be moot.

The Hawaiʻi appellate courts have recognized three exceptions to the mootness doctrine:  (1) capable of repetition, yet evading review (**CRER**); (2) public interest; and (3) collateral consequences.  See Lethem, 119 Hawaiʻi at 5–10, 193 P.3d at 843–48; see also Carmichael v. Bd. of Land & Nat. Res., 150 Hawaiʻi 547, 560, 506 P.3d 211, 224 (2022) (noting that the supreme court "has explicitly recognized" the CRER and public interest exceptions).  In their response to the OSC, the Greenbergs contend that the public interest exception applies

---

[4/]    We take judicial notice of the Commissioner's Deed, attached as "Appendix 'A'" to the March 16, 2023 Declaration of Counsel, as well as the Confirmation Order, entered in the underlying case.  Both the Commissioner's Deed and the Confirmation Order are referenced in the August 4, 2023 FOFs/COLs/Order, and the Greenbergs do not dispute either document.  See HRE Rule 201; State v. Abdon, 137 Hawaiʻi 19, 26, 364 P.3d 917, 924 (2016) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." (quoting State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985))); In re Thomas H. Gentry Revocable Tr., 138 Hawaiʻi 158, 171 n.8, 378 P.3d 874, 887 n.8 (2016) (taking judicial notice of a warranty deed transferring property because the deed was a matter of public record and easily verifiable); U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust v. Ass'n of Apartment Owners of Waikoloa Hills Condominium Phase I, 150 Hawaiʻi 573, 584 n.12, 506 P.3d 869, 880 n.12 (App. 2022) (taking judicial notice of commissioner's apartment deed recorded in the Bureau of Conveyances).

[5/]    Nor have the Greenbergs shown that the Circuit Court lacked jurisdiction to enter the Foreclosure Decree or the Foreclosure Judgment.

here.  They argue that "[e]ven though this is a private mortgage foreclosure, . . . the issue presented in . . . this appeal[,]" *i.e.*, "whether . . . US Bank . . . provided documentary evidence that [it] possessed the Note at the time the Complaint was filed[,] is an issue that will recur in the future" following the supreme court's decision in <u>Deutsche Bank National Trust Co. v. Yata</u>, 152 Hawaiʻi 322, 526 P.3d 299 (2023).

In determining whether the public interest exception applies, the court considers:  "(1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for future guidance of public officers, and (3) the likelihood of future recurrence of the question."  <u>Carmichael</u>, 150 Hawaiʻi at 561, 506 P.3d at 225 (quoting <u>Kaleikini v. Thielen</u>, 124 Hawaiʻi 1, 12–13, 237 P.3d 1067, 1078–79 (2010)).  Here, we conclude that the public interest exception does not apply to this dispute arising out of a private mortgage contract that does not involve the government, does not seek an authoritative determination for future guidance of public officers, and does not raise issues that are likely to recur unless an appellant in this situation fails to obtain a supersedeas bond or stay of the appeal.  <u>See</u> <u>Central Pacific Bank v. Aikona Maui Prop., LLC</u>, No. CAAP-12-0001032, 2013 WL 6231719, at *2 (Haw. App. Nov. 29, 2013) (Ord.); <u>Central Pacific Bank v. Ancheta</u>, No. CAAP-13-0004082, 2016 WL 765083, at *3 (Haw. App. Feb. 25, 2016) (SDO).[6/]

It is undisputed that the Greenbergs failed to post a supersedeas bond or otherwise obtain a stay, and Wuthrich lawfully purchased the Property in good faith.  In these circumstances, no effective relief can be granted to the Greenbergs with respect to their appeal from the Foreclosure Judgment.  Accordingly, this appeal must be dismissed as moot. <u>See</u> <u>Onaga</u>, 140 Hawaiʻi at 370, 400 P.3d at 571.

---

[6/]     We further note that the CRER and collateral consequences exceptions do not apply here, because this case would not have evaded review, and mootness could have been avoided, by the timely posting of a supersedeas bond.  <u>See</u> <u>Aikona Maui Prop.</u>, 2013 WL 6231719, at *2; <u>Ancheta</u>, 2016 WL 765083, at *3.

### III. Conclusion

For the reasons discussed above, we dismiss this appeal as moot.

DATED:  Honolulu, Hawaiʻi, October 27, 2023.


On the briefs:

                                    /s/ Keith K. Hiraoka
Matthew K. Yoshida              Presiding Judge
for Defendants-Appellants.

Daniel K. Kikawa                /s/ Clyde J. Wadsworth
(Leu Okuda & Doi)               Associate Judge
for Plaintiff-Appellee.

                                    /s/ Sonja M.P. McCullen
                                    Associate Judge